PEOPLE v. NEWELL

1. CRIMINAL LAW — WITNESSES — PREVIOUS TESTIMONY — UNAVAILABILITY.

Testimony of a witness at previous trial or on preliminary examination may be admitted into evidence by the prosecution in a criminal case if the witness cannot, for any reason, be produced at the trial (MCLA, § 768.26).

2. SAME—WITNESSES—PREVIOUS TESTIMONY—UNAVAILABILITY.

Unavailability of a witness for purposes of introduction of his preliminary examination testimony in trial for first-degree murder *held*, established where defense counsel, who had been present at preliminary examination, conceded that witness was in the army and at Fort Leonard Wood, Missouri (MCLA, §§ 750.316, 768.26).

3. SAME—COMMENTS OF COUNSEL—OBJECTION—ERROR.

Comments of prosecuting attorney in closing argument *held*, not to cause reversible error even if prejudicial where, in sustaining defense objections, trial judge promptly instructed the jury with respect to the objectionable comments.

Appeal from Genesee, Mansour (Anthony J.), J. Submitted Division 2 January 7, 1969, at Lansing. (Docket No. 4,100.) Decided January 30, 1969. Leave to appeal denied September 1, 1969. See 382 Mich 780.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 29 Am Jur 2d, Evidence §§ 738–768.

When one deemed to be beyond jurisdiction of court within meaning of statute relating to admissibility of testimony given on former trial. 87 ALR 891.

Use in criminal case of testimony given on former trial, or preliminary examination, by witness not available at present trial. 15 ALR 495, 79 ALR 1392, 122 ALR 425, 159 ALR 1240.

[3] 53 Am Jur, Trial §§ 452–507, 836–840.

Andrew Newell was convicted by a jury of first-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Dennis C. Karas,* Assistant Prosecuting Attorney, for the people.

*Lyndon J. Lattie,* for defendant.

Quinn, P. J. Defendant was tried and convicted by jury verdict dated March 15, 1967 of first-degree murder, MCLA § 750.316 (Stat Ann 1954 Rev § 28-.548). Thereafter he was sentenced to life imprisonment and he appeals.

At the preliminary examination, one George Atkins testified as to the identity of the murder victim, his mother. Defendant was represented at the examination by his present counsel, who did not cross-examine the witness. A subpoena issued for George Atkins, requiring his attendance at trial. Service was attempted about March 8, 1967 at the known address of Atkins, but service was not made because he was in Fort Leonard Wood, Missouri. A further attempt at service at the same address was made the next day, but Atkins was not present.

At trial, the people offered in evidence the prior testimony of Atkins on the basis of his unavailability. Defendant did not dispute the fact that Atkins was in Fort Leonard Wood, but he objected to the use of the prior testimony at trial on the basis such use denied him the right of confrontation and unavailability was not shown. The trial court found Atkins was unavailable and the prior testimony of identification was read to the jury. Defendant now contends this was reversible error.

On the basis of MCLA § 768.26 (Stat Ann 1954 Rev § 28.1049) and *People* v. *Hunley* (1946), 313 Mich 688, we affirm the trial court's ruling. *Barber* v. *Page* (1968), 390 US 719 (88 S Ct 1318, 20 L Ed 2d 255), is not applicable to the case before us. In *Barber,* no effort was made to produce a *res gestae* witness, who gave testimony incriminating Barber. Here, Atkins was not a *res gestae* witness, his testimony did not incriminate defendant, and efforts were made to produce him.

Defendant's contentions that the victim's death was not proven and that the verdict was against the great weight of the evidence are not substantiated by the record.

Finally defendant urges as reversible error comments of the prosecuting attorney in closing argument. In each instance of such comments, defendant objected to them and the objections were sustained. The court then, and in the final charge, instructed the jury with respect to the objectionable comments. Assuming the remarks of the prosecuting attorney were prejudicial, they do not constitute reversible error on this record. *People* v. *Panknin* (1966), 4 Mich App 19, 32, and *People* v. *Williams* (1968), 11 Mich App 62, 66.

Affirmed.

McGREGOR and V. J. BRENNAN, JJ., concurred.