[Crim. No. 19622. Second Dist., Div. Two. Aug. 24, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
ISAAC TRUNNELL, Defendant and Appellant.

## COUNSEL

Richard S. Buckley, Public Defender, James L. McCormick, Edward J. Carney and Edward S. Van Gelder, Deputy Public Defenders, for Defendant and Appellant.

Evelle J. Younger, Attorney General, William E. James, Assistant Attorney General, and Richard P. Hemar, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**FLEMING, J.**—Isaac Trunnell appeals his conviction by the trial court of rape (former Pen. Code, § 261, subd. 3) and robbery (Pen. Code, § 211).

### The Rape and Robbery

The trial court received in evidence the testimony which Lyvia K. had given at the preliminary hearing. She testified that on the evening of 22 April 1970 she was accosted by Trunnell and another man in a school parking lot in Los Angeles. Trunnell pushed Lyvia into her car, and he and his companion got in with her. Both men threatened Lyvia, savagely beat her, and tore off her clothes. Trunnell forced her to have sexual intercourse with him. He also took her purse, money, watch, and wedding ring. As Trunnell continued to beat Lyvia his companion drove the car and its occupants out of the parking lot. But Lyvia continued to struggle, and both men then left the car and ran away.

Los Angeles Police Officer Norris testified that on the evening of 22 April 1970 he found Lyvia near her car, nude, hysterical, beaten, bruised, and bleeding. The interior of her car was splashed with blood and her clothing was scattered about. A wallet containing Trunnell's identification was found on the floor of the rear seat of Lyvia's car. Lyvia's broken nose required surgery.

At 11:30 that evening, Officers Minor and Walter confronted Trunnell as he came up to an address found in the wallet left in Lyvia's car. Trunnell hit one of the officers, kicked another, and tried to escape. After Trunnell's arrest Officer Minor saw blood and hair on Trunnell's clothes, hands, and legs.

*Availability of Witness*

The trial court admitted into evidence Lyvia's testimony at the preliminary hearing because it found that Lyvia, an alien, had returned to Israel and was unavailable to testify at the trial.

Police Sergeant Beck testified that he learned at the preliminary hearing on 15 May 1970 that Lyvia and her husband were planning to leave the country. Sergeant Beck was unable to get the trial advanced to a time before she left. Although Lyvia's husband wanted to return to the United States, Lyvia refused to do so and went to live at her mother's home in Tel Aviv, Israel. Her plans to return to Los Angeles remained uncertain. Lyvia's cousin received a letter from Lyvia in Israel postmarked 25 September 1970, the first day of trial.

*Cross-examination*

Trunnell's counsel extensively cross-examined Lyvia at the preliminary hearing on each aspect of her testimony except for the following incident: "[Public Defender]; Right. Q Now, you testified that—was it at that point that the man in the back seat had sexual intercourse with you? A Yes. Q Now, what sensations did you feel in your vaginal area? Did you feel anything? A MAN IN THE AUDIENCE (husband of witness): Please stop. I think that is too much. It is too much. THE WITNESS: It is much too much, you know. THE COURT: Just a moment. I think you could frame your question a little more properly than that, counsel. [Public Defender]: Okay. THE COURT: Mrs. K., you are a married woman? THE WITNESS: Yes. That is my husband. THE COURT: All right. That is sufficient. As far as this Court is concerned, for the purpose of a felony preliminary, the witness is a married woman. I will accept her statement that there was an act of sexual intercourse."

*Issues*

Evidence Code section 1291 provides that former testimony is admissible if (1) the declarant is unavailable as a witness, and (2) the party against whom the testimony is offered was a party to the action in which the testimony was given and had the right and opportunity to cross-examine the declarant.

■■ Trunnell contends the trial court should not have considered Lyvia's testimony at the preliminary hearing because (1) Lyvia was not legally unavailable as a witness, and (2) adequate legal opportunity to cross-examine her had not been given.

## 1. *Availability*

Evidence Code section 240, subdivision (a) (4) defines a witness as "unavailable" when he is "absent from the hearing and the court is unable to compel his attendance by its process." Lyvia was unavailable within the meaning of section 240 because she was in Israel at the time of trial and beyond the reach of the trial court's process.

But in addition to the requirements of section 240, the prosecution must also make a good-faith effort to secure the witness' presence at the trial. (See *Barber* v. *Page,* 390 U.S. 719, 724-725 [20 L.Ed.2d 255, 259-260, 88 S.Ct. 1318], where the court held the State of Oklahoma should have requested the federal government to make available a witness located in a federal prison in Texas.) The burden is on the prosecution to show that it made a good-faith effort and exercised reasonable diligence to secure the presence of the witness, but whether a sufficient showing has been made lies largely within the discretion of the trial court and depends upon the facts and circumstances of each case. (*People* v. *Ringegold,* 13 Cal.App.3d 711, 719 [92 Cal.Rptr. 12].)

We find no abuse of discretion in the trial court's finding that a good-faith effort was made in this case. Sergeant Beck testified that he tried, but failed, to have the trial date moved up before Lyvia left the country. The prosecution is not required to detain a reluctant witness within the jurisdiction against her will. Lyvia's husband was willing to return to this country, but Lyvia, the victim of a vicious rape, was not. The prosecution kept track of Lyvia and her husband up to the time of trial. Unlike agreements among the states or agreements between a state and the federal government, no facilities exist for compelling the attendance in California of a witness located in Israel. From these facts the trial court was entitled to conclude that the prosecution satisfied the requirements of a good-faith effort to produce the witness for trial. (*People* v. *Benjamin,* 3 Cal.App.3d 687, 696-698 [83 Cal.Rptr. 764].)

## 2. *Cross-examination*

Trunnell contends it was error to limit his cross-examination of Lyvia regarding the act of sexual intercourse. A defendant should be allowed wide latitude in cross-examination on key matters (*Jennings* v. *Superior Court,* 66 Cal.2d 867, 879 [59 Cal.Rptr. 440, 428 P.2d 304]), but we find no prejudicial error in limiting this line of cross-examination. From the record it is obvious that the witness knew what sexual intercourse was. She testified that an act of sexual intercourse had occurred.

Trunnell's further questioning, especially in the form it took, was inflammatory, humiliating, and unnecessary.

The judgment is affirmed.

Roth, P. J., and Herndon, J., concurred.

A petition for a rehearing was denied September 16, 1971, and appellant's petition for a hearing by the Supreme Court was denied October 21, 1971.