[No. B013069. Second Dist., Div. Five. Mar. 12, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
DONALD LEE DENSON, Defendant and Appellant.

### COUNSEL

Morgan, Cheroske & Reamer and John J. Cheroske for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Gary R. Hahn and William V. Ballough, Deputy Attorneys General, for Plaintiff and Respondent.

### OPINION

**EAGLESON, J.**—In this case, we hold that a witness who is a foreign citizen outside of this country at the time of trial is "unavailable" for purposes of admitting his or her prior testimony. Thus, the prosecution's unsuccessful efforts to obtain the witness's presence are irrelevant to a determination of whether that prior testimony is admissible at trial.

#### FACTS

Appellant Donald Lee Denson was convicted by a jury of rape by a foreign object (Pen. Code, § 289, subd. (a)), assault with intent to commit oral copulation (Pen. Code, § 220), and assault (Pen. Code, § 240).

The conviction rested primarily upon the videotaped preliminary hearing testimony of the 21-year-old female victim. The prosecution had requested that the testimony be videotaped because the victim was leaving for England shortly after the preliminary hearing. Appellant knew about these plans and objected to the videotaping on the grounds that he was entitled to confront and cross-examine the victim at trial. The magistrate allowed the testimony to be videotaped without ruling on its admissibility at trial.

The crime, which we need not detail here, occurred in Santa Monica on July 24, 1983. At the preliminary hearing, the victim testified that she was born in England and came to the United States in October 1982 for a vacation. The victim returned to England after giving this testimony.

Immediately before trial, a hearing was held concerning the admissibility of the videotape. The investigating police officer, Connie Brucker, testified that she called the victim several times in England, requesting that she return for trial. The victim initially responded that it would be inconvenient for her to return since she had no visa, had insufficient funds, and could not take time off from work.

During a subsequent phone call, Brucker told the victim that her travel costs would be paid if she returned to testify. The victim indicated, however, that she would not return unless accompanied by her husband.[1] When Brucker stated that the husband's airfare would not be paid, the victim refused to come at all.

Despite appellant's argument that the prosecution failed to use diligence in securing the victim's live testimony, the trial court found that she was "unavailable" as a witness. The jury was then allowed to view her videotaped testimony.

## DISCUSSION

Appellant contends that the victim's prior testimony was erroneously admitted (Evid. Code, § 1291) because the prosecution refused to pay the husband's travel costs. Appellant concedes that a foreign citizen outside of the United States at the time of trial is considered to be "unavailable," even though the prosecution did not use reasonable diligence to ensure the witness's attendance. Yet he insists that once the prosecution "undertakes a due diligence procedure," the defendant's right to confront witnesses is violated if the prosecution fails to secure the witness's presence solely for monetary reasons. (U.S. Const., 6th and 14th Amends.; Cal. Const., art. I, § 15.)

The "due diligence" requirement protects the defendant's right of confrontation where it is possible to compel a witness's presence through the court's subpoena power. In *Barber* v. *Page* (1968) 390 U.S. 719 [20 L.Ed.2d 255, 88 S.Ct. 1318], the defendant's conviction rested upon the preliminary hearing testimony of a witness who was in federal prison in another state at the time of defendant's trial. The court reversed, noting that there were various means by which the prosecution could have secured the prisoner's live testimony: "[A] witness is not 'unavailable' . . . unless the prosecutorial authorities have made a good-faith effort to obtain his presence at trial. The State made no such effort here, and, so far as this record reveals, the sole reason why [the witness] was not present to testify in person was because the State did not attempt to seek his presence. The right of confrontation may not be dispensed with so lightly." (*Id.,* at p. 724-725 [20 L.Ed.2d at p. 260].)

---

[1]The victim's husband also had been a witness at the preliminary hearing. The prosecution decided not to call him as a witness at trial, however, because his testimony was merely cumulative.

This rule, however, does not apply where the witness is a foreign citizen not subject to the court's compulsory process. In *Mancusi* v. *Stubbs* (1972) 408 U.S. 204 [33 L.Ed.2d 293, 92 S.Ct. 2308], the court distinguished *Barber* to uphold the use during a Tennessee trial of the prior testimony of one Holm, who was living in Sweden: "Holm was not merely absent from the State of Tennessee; he was a permanent resident of Sweden. [Defendant] argues that Tennessee might have obtained Holm as a trial witness by attempting to invoke 28 U.S.C. § 1783(a), which provided as of the time here relevant that: 'A court of the United States may subpoena, *for appearance before it,* a citizen or resident of the United States who . . . is beyond the jurisdiction of the United States and whose testimony in a criminal proceeding is desired by the Attorney General . . . .' (1958 ed.) (Italics supplied.)

"We have been cited to no authority applying this section to permit subpoena by a federal court for testimony in a state felony trial, and certainly the statute on its face does not appear to be designed for that purpose. [¶] The Uniform Act to secure the attendance of witnesses from without a State, the availability of federal writs of habeas corpus *ad testificandum,* and the established practice of the United States Bureau of Prisons to honor state writs of habeas corpus *ad testificandum,* all supported the Court's conclusion in *Barber* that the State had not met its obligations to make a good-faith effort to obtain the presence of the witness merely by showing that he was beyond the boundaries of the prosecuting State. There have been, however, no corresponding developments in the area of obtaining witnesses between this country and foreign nations. Upon discovering that Holm resided in a foreign nation, The State of Tennessee, so far as this record shows, was powerless to compel his attendance at the second trial, either through its own process or through established procedures depending upon the voluntary assistance of another government."[2] (408 U.S. at pp. 211-212 [33 L.Ed.2d at pp. 300-301].) Thus, a foreign citizen outside of the country can be considered per se unavailable without violating the Sixth Amendment.

The Evidence Code contains two separate definitions of unavailability which embrace the foregoing principles. ■ First, section 240, subdivi-

---

[2] 28 United States Code section 1783(a) now permits subpoena by a federal court for testimony in a state felony trial: "A court of the United States may order the issuance of a subpoena requiring the appearance as a witness before it, *or before a person or body designated by it,* of a national or resident of the United States who is in a foreign country, . . . ." (Italics added.) This section does not apply here, since the victim was an English citizen.

sion (a)(5) provides that an absent witness is unavailable if "the proponent of his or her statement has exercised reasonable diligence but has been unable to procure his or her attendance by the court's process." This section applies where there is a "court process" in existence which could compel the witness to appear. Such is the case where the witness is in another state (Pen. Code, § 1334 et seq.) or is a United States national or resident in another country. (28 U.S.C. § 1783; *People v. St. Germain* (1982) 138 Cal.App.3d 507, 517 [187 Cal.Rptr. 915].)

In contrast, section 240, subdivision (a)(4) states that an absent witness is unavailable if "the court is unable to compel his or her attendance by its process." This section comes into play where there is no applicable "court process." Such is the case where the witness is a foreign citizen not in the United States, and there is no treaty or compact provisions through which the witness's presence can be compelled.[3] (*People v. St. Germain, supra,* 138 Cal.App.3d at pp. 517-518.) In addition, the prosecution need not show that it used reasonable diligence in securing the witness's presence.[4] Hence, in *People v. Ware* (1978) 78 Cal.App.3d 822 [144 Cal.Rptr. 354], the preliminary hearing testimony of a rape victim who was a citizen and resident of Spain was properly admitted, even though the prosecution made no attempt to have her return to this country for trial.

The same result is warranted under the facts of this case. The victim was an English citizen who left this country after the preliminary hearing. As admitted by appellant below, there was no compulsory process through which the victim's live testimony could have been secured. Moreover, appellant commendably concedes that a showing of due diligence is not required under these circumstances. We find no constitutional or statutory grounds for requiring such a showing here. The prosecution had no obligation to induce the victim to attend and should not be penalized for its voluntary yet unpersuasive attempts to do so. Therefore, the trial court correctly concluded that the victim was "unavailable."

---

[3]As discussed below, appellant concedes that the prosecution had no means by which to compel the victim's presence. We have not been made aware of any treaty or international agreement which would have permitted a contrary result.

[4]An earlier case, *People v. Trunnell* (1971) 19 Cal.App.3d 567 [96 Cal.Rptr. 810], seemingly came to the opposite conclusion. The court held that "in addition to the requirements of section 240 [subdivision (a)(4)], the prosecution must also make a good-faith effort to secure the witness' presence at trial." (*Id.,* at p. 571.) This case relied exclusively on the United States Supreme Court decision in *Barber v. Page, supra,* 390 U.S. 719. The Supreme Court has since held in *Mancusi, supra,* 408 U.S. 204, that *Barber*'s "good-faith" requirement applies only where there are means by which to compel the witness to attend. As we shall discuss, no such processes were available here.

## DISPOSITION

The judgment is affirmed.

Feinerman, P. J., and Ashby, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 28, 1986.