BARBER *v.* PAGE, WARDEN.

No. 703.  Argued March 28, 1968.—
Decided April 23, 1968.

*Ira C. Rothgerber, Jr.,* by appointment of the Court, 389 U. S. 910, argued the cause and filed briefs for petitioner.

*Charles L. Owens,* Assistant Attorney General of Oklahoma, argued the cause for respondent. With him on the brief was *G. T. Blankenship,* Attorney General.

MR. JUSTICE MARSHALL delivered the opinion of the Court.

The question presented is whether petitioner was deprived of his Sixth and Fourteenth Amendment right to be confronted with the witnesses against him at his trial in Oklahoma for armed robbery, at which the principal evidence against him consisted of the reading of a transcript of the preliminary hearing testimony of a witness who at the time of trial was incarcerated in a federal prison in Texas.

Petitioner and one Woods were jointly charged with the robbery, and at the preliminary hearing were represented by the same retained counsel, a Mr. Parks. During the course of the hearing, Woods agreed to waive his privilege against self-incrimination. Parks then withdrew as Woods' attorney but continued to represent petitioner. Thereupon Woods proceeded to give testimony that incriminated petitioner. Parks did not cross-examine Woods, although an attorney for another codefendant did.

By the time petitioner was brought to trial some seven months later, Woods was incarcerated in a federal penitentiary in Texarkana, Texas, about 225 miles from the trial court in Oklahoma. The State proposed to introduce against petitioner the transcript of Woods' testimony at the preliminary hearing on the ground that Woods was unavailable to testify because he was outside the jurisdiction. Petitioner objected to that course on the ground that it would deprive him of his right to be confronted with the witnesses against him. His objection was overruled and the transcript was admitted and read to the jury, which found him guilty. On appeal

the Oklahoma Court of Criminal Appeals affirmed his conviction. *Barber* v. *State,* 388 P. 2d 320 (Okla. Crim. App. 1963).

Petitioner then sought federal habeas corpus, claiming that the use of the transcript of Woods' testimony in his state trial deprived him of his federal constitutional right to confrontation in violation of the Sixth and Fourteenth Amendments. His contention was rejected by the District Court and on appeal the Court of Appeals for the Tenth Circuit, one judge dissenting, affirmed. 381 F. 2d 479 (1966). We granted certiorari, 389 U. S. 819 (1967), to consider petitioner's denial of confrontation claim, and we reverse.

Many years ago this Court stated that "[t]he primary object of the [Confrontation Clause of the Sixth Amendment] . . . was to prevent depositions or *ex parte* affidavits . . . being used against the prisoner in lieu of a personal examination and cross-examination of the witness in which the accused has an opportunity, not only of testing the recollection and sifting the conscience of the witness, but of compelling him to stand face to face with the jury in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief." *Mattox* v. *United States,* 156 U. S. 237, 242–243 (1895). More recently, in holding the Sixth Amendment right of confrontation applicable to the States through the Fourteenth Amendment, this Court said, "There are few subjects, perhaps, upon which this Court and other courts have been more nearly unanimous than in their expressions of belief that the right of confrontation and cross-examination is an essential and fundamental requirement for the kind of fair trial which is this country's constitutional goal." *Pointer* v. *Texas,* 380 U. S. 400, 405 (1965). See also *Douglas* v. *Alabama,* 380 U. S. 415 (1965).

It is true that there has traditionally been an exception to the confrontation requirement where a witness is unavailable and has given testimony at previous judicial proceedings against the same defendant which was subject to cross-examination by that defendant. *E. g., Mattox* v. *United States, supra* (witnesses who testified in original trial died prior to the second trial). This exception has been explained as arising from necessity and has been justified on the ground that the right of cross-examination initially afforded provides substantial compliance with the purposes behind the confrontation requirement. See 5 Wigmore, Evidence §§ 1395–1396, 1402 (3d ed. 1940); C. McCormick, Evidence §§ 231, 234 (1954).

Here the State argues that the introduction of the transcript is within that exception on the grounds that Woods was outside the jurisdiction and therefore "unavailable" at the time of trial, and that the right of cross-examination was afforded petitioner at the preliminary hearing, although not utilized then by him. For the purpose of this decision we shall assume that petitioner made a valid waiver of his right to cross-examine Woods at the preliminary hearing, although such an assumption seems open to considerable question under the circumstances.[1]

---

[1] Since Woods and his attorney Parks presumably discussed Woods' connection with the crime before the preliminary hearing, it would seem highly probable that effective cross-examination by Parks of Woods would have necessitated covering material about which Woods had made confidential communications to Parks. While the State may be correct in asserting that Woods had waived, under Oklahoma law, his right to assert the attorney-client privilege as to those matters by testifying, at the very least serious ethical questions would seem to be presented to Parks under those circumstances. And in fact, the cases cited by the State in support of its contention that the attorney-client privilege would not have

We start with the fact that the State made absolutely no effort to obtain the presence of Woods at trial other than to ascertain that he was in a federal prison outside Oklahoma. It must be acknowledged that various courts [2] and commentators [3] have heretofore assumed that the mere absence of a witness from the jurisdiction was sufficient ground for dispensing with confrontation on the theory that "it is impossible to compel his attendance, because the process of the trial Court is of no force without the jurisdiction, and the party desiring his testimony is therefore helpless." 5 Wigmore, Evidence § 1404 (3d ed. 1940).

Whatever may have been the accuracy of that theory at one time, it is clear that at the present time increased cooperation between the States themselves and between the States and the Federal Government has largely deprived it of any continuing validity in the criminal law.[4]

barred cross-examination by Parks involved situations where the client had testified about the existence and nature of the communications between himself and his attorney prior to the introduction of the attorney's testimony by way of rebuttal. *E. g., Brown* v. *State,* 9 Okla. Crim. 382, 132 P. 359 (1913); *Boring* v. *Harber,* 130 Okla. 251, 267 P. 252 (1927). As far as the record reveals, Woods did not testify about any communications between himself and Parks and hence the applicability of the foregoing cases is questionable.

[2] See cases collected in 5 Wigmore, Evidence § 1404, n. 5 (3d ed., 1964 Supp.).

[3] *E. g.,* C. McCormick, Evidence § 234 (1954).

[4] For witnesses not in prison, the Uniform Act To Secure the Attendance of Witnesses from Without a State in Criminal Proceedings provides a means by which prosecuting authorities from one State can obtain an order from a court in the State where the witness is found directing the witness to appear in court in the first State to testify. The State seeking his appearance must pay the witness a specified sum as a travel allowance and compensation for his time. As of 1967 the Uniform Act was in force in 45 States, the District of Columbia, the Canal Zone, Puerto Rico, and the

For example, in the case of a prospective witness currently in federal custody, 28 U. S. C. § 2241 (c)(5) gives federal courts the power to issue writs of habeas corpus *ad testificandum* at the request of state prosecutorial authorities. See *Gilmore* v. *United States,* 129 F. 2d 199, 202 (C. A. 10th Cir. 1942); *United States* v. *McGaha,* 205 F. Supp. 949 (D. C. E. D. Tenn. 1962). In addition, it is the policy of the United States Bureau of Prisons to permit federal prisoners to testify in state court criminal proceedings pursuant to writs of habeas corpus *ad testificandum* issued out of state courts.[5] Cf. *Lawrence* v. *Willingham,* 373 F. 2d 731 (C. A. 10th Cir. 1967) (habeas corpus *ad prosequendum*).

In this case the state authorities made no effort to avail themselves of either of the above alternative means of seeking to secure Woods' presence at petitioner's trial. The Court of Appeals majority appears to have reasoned that because the State would have had to request an exercise of discretion on the part of federal authorities, it was under no obligation to make any such request. Yet as Judge Aldrich, sitting by designation, pointed out in dissent below, "the possibility of a refusal is not the equivalent of asking and receiving a rebuff." 381 F. 2d, at 481. In short, a witness is not "unavailable" for purposes of the foregoing exception to the confrontation

Virgin Islands. See 9 Uniform Laws Ann. 50 (1967 Supp.). For witnesses in prison, quite probably many state courts would utilize the common-law writ of habeas corpus *ad testificandum* at the request of prosecutorial authorities of a sister State upon a showing that adequate safeguards to keep the prisoner in custody would be maintained.

[5] Department of Justice, United States Marshals Manual §§ 720.04–720.06. Cf. Brief for the United States as Amicus Curiae, *Smith* v. *Hooey,* No. 495, Misc., October Term, 1967 (habeas corpus *ad prosequendum* from state court normally honored by Bureau of Prisons).

requirement unless the prosecutorial authorities have made a good-faith effort to obtain his presence at trial. The State made no such effort here, and, so far as this record reveals, the sole reason why Woods was not present to testify in person was because the State did not attempt to seek his presence. The right of confrontation may not be dispensed with so lightly.

The State argues that petitioner waived his right to confront Woods at trial by not cross-examining him at the preliminary hearing. That contention is untenable. Not only was petitioner unaware that Woods would be in a federal prison at the time of his trial, but he was also unaware that, even assuming Woods' incarceration, the State would make no effort to produce Woods at trial. To suggest that failure to cross-examine in such circumstances constitutes a waiver of the right of confrontation at a subsequent trial hardly comports with this Court's definition of a waiver as "an intentional relinquishment or abandonment of a known right or privilege." *Johnson* v. *Zerbst,* 304 U. S. 458, 464 (1938); *Brookhart* v. *Janis,* 384 U. S. 1, 4 (1966).

Moreover, we would reach the same result on the facts of this case had petitioner's counsel actually cross-examined Woods at the preliminary hearing. See *Motes* v. *United States,* 178 U. S. 458 (1900). The right to confrontation is basically a trial right. It includes both the opportunity to cross-examine and the occasion for the jury to weigh the demeanor of the witness. A preliminary hearing is ordinarily a much less searching exploration into the merits of a case than a trial, simply because its function is the more limited one of determining whether probable cause exists to hold the accused for trial. While there may be some justification for holding that the opportunity for cross-examination of a witness at a preliminary hearing satisfies the demands of the confrontation clause where the witness is shown

to be actually unavailable, this is not, as we have pointed out, such a case.[6]

The judgment of the Court of Appeals for the Tenth Circuit is reversed and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*

MR. JUSTICE HARLAN, concurring.

I agree that the State's failure to attempt to obtain the presence of the witness denied petitioner due process, and I therefore concur in the opinion of the Court on the premises of my opinion in *Pointer* v. *Texas,* 380 U. S. 400, 408.

---

[6] Cf. *Holman* v. *Washington,* 364 F. 2d 618 (C. A.,5th Cir. 1966); *Government of the Virgin Islands* v. *Aquino,* 378 F. 2d 540 (C. A. 3d Cir. 1967).