**Benjamin F. O'CONNOR, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 21999.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 2, 1969.

Decided Dec. 19, 1969.

Mr. Burke W. Willsey, Washington, D. C., with whom Mr. Donald H. Olson, Washington, D. C. (both appointed by this court) was on the brief, for appellant.

Mr. Frederick D. Hess, Sp. Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., and Roger E. Zuckerman, Asst. U. S. Atty., were on the brief, for appellee. Messrs. David G. Bress, U. S. Atty., at the time the record was filed, and Theodore Wieseman, Asst. U. S. Atty., also entered appearances for appellee.

Before McGOWAN, TAMM and ROBB, Circuit Judges.

PER CURIAM:

The identification issue raised in this appeal from a criminal conviction in the District Court was ably explored by Judge Gasch in his opinion reported at 282 F.Supp. 963, and we affirm as to such issue on the basis of that opinion. *See also* Clemons v. United States, 133 U.S.App.D.C. 27, 408 F.2d 1230 (1968), cert. denied, 394 U.S. 964, 89 S.Ct. 1318, 22 L.Ed.2d 567 (1969).

The only other error urged upon us is that the trial court erred in permitting the prosecution to read into evidence the testimony of a witness at a prior trial of appellant under the same indictment. It is said that this negated appellant's right to confront the witnesses against him in person. But, in this Circuit as elsewhere, it has long been recognized that this right may yield to the fact of the unavailability of a witness. This is because the prior testimony has been subject to the right of cross-examination, and this circumstance has been thought to justify, from considerations of public policy, the making of an exception to that second aspect of the right of confrontation which is concerned with the jury's opportunity to observe a witness while he is testifying. *See* Mattox v. United States, 156 U.S. 237, 15 S.Ct. 337, 39 L.Ed. 409 (1895); Barber v. Page, 390 U.S. 719, 721–722, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968); and Coppedge v. United States, 114 U.S.App.D.C. 79, 83–84, 311 F.2d 128, 132–33 (1962),

cert. denied, 373 U.S. 946, 83 S.Ct. 1541, 10 L.Ed.2d 701 (1963). The trial judge here made full inquiry into the question of the *good* faith claim by the Government of unavailability, and found that that claim was adequately supported by the facts. We have no basis for rejecting that conclusion.

Affirmed.