Maurice WILLIAMS, Petitioner,

v.

Larry R. MEACHUM, Superintendent, Massachusetts Correctional Institution at Norfolk, Respondent.

Misc. Civ. No. 74–1988–T.

United States District Court, D. Massachusetts.

Oct. 18, 1974.

Roxbury Defenders Committee, Linda Olmstead, Roxbury, Mass., for petitioner.

Robert V. Greco, Asst. Atty. Gen., Boston, Mass., for respondent.

## MEMORANDUM OPINION

TAURO, District Judge.

Maurice Williams is presently serving a life sentence at the Massachusetts Correctional Institution at Norfolk, following a conviction in the Suffolk Superior Court for second degree murder. His conviction was affirmed by the Massachusetts Supreme Judicial Court, Commonwealth v. Clark, Mass., 295 N.E.2d 163 (1973). He now brings this petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, arguing that rulings by the state trial court deprived him of his right to confront a key witness against him in violation of the Sixth and Fourteenth Amendments to the Constitution of the United States. Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). See also Dutton v. Evans, 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970); California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970); Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968). The Commonwealth of Massachusetts filed a motion to dismiss the petition and a hearing was held before this court on September 27, 1974, following which both parties have submitted memoranda.

The facts of the case are set forth fully in the Supreme Judicial Court's opinion affirming Williams' conviction. Mass. 295 N.E.2d at 165. Accordingly, only the essential points are reported here.

On August 7, 1970, petitioner Williams and one Richard Clark were indicted by the Suffolk County Grand Jury for the murder of Leonard Vincent Castronova. Both defendants were tried

before the Suffolk Superior Court in February, 1971, but the judge declared a mistrial after the jury was unable to agree on a verdict. Petitioner and his co-defendant were then retried later that year at which time they were both convicted.[1]

At the initial trial, a key prosecution witness was Mr. Mark Silverio. Other than the two co-defendants, Silverio was the only eyewitness to the alleged crime. At the second trial, however, the state claimed that Mr. Silverio could not be relocated and sought to read and introduce into evidence the transcript of Silverio's testimony at the earlier proceeding. The trial judge held a hearing on the prosecution's request after which he made the following findings:

1. The parties and issues at the first and second trials were identical;

2. Mr. Williams was represented by the same counsel at both proceedings;

3. The Commonwealth made a diligent search for Mark Silverio having "interviewed numerous persons who might have known his whereabouts, including members of his family and his estranged wife, and [having] searched for him at places where he was known to frequent, all without avail."

Transcript, Vol. 1, pp. 27–30. Accordingly, the court found as a fact that Mr. Silverio was unavailable as a witness and, on that basis, held that it would be permissible to admit into evidence the transcript of his prior testimony.[2] Commonwealth v. Gallo, 275 Mass. 320, 175 N.E. 718 (1931).

### I

Petitioner claims that the ruling of the trial court permitting the admission of Silverio's prior recorded testimony un-

---

1. The Supreme Judicial Court reversed Clark's conviction at the same time that it affirmed the conviction of Williams. Commonwealth v. Clark, Mass., 295 N.E.2d 163 (1973).

2. Neither party has requested that this court hold a further evidentiary hearing. Because

of the care which the trial judge took in making his findings, and the lack of any additional evidence which would lead this court to question those findings, this court agrees that no new evidentiary hearing is necessary. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

constitutionally deprived him of his opportunity to confront Silverio and test his credibility before the jury. The petitioner unsuccessfully pressed this contention before the Massachusetts Supreme Judicial Court. Accordingly, on this portion of his complaint, petitioner has exhausted his available state remedies. 28 U.S.C. § 2254.

The Supreme Court held long ago that the traditional exception to the hearsay rule, allowing the admission of testimony of an unavailable witness taken at an earlier trial, did not violate the Confrontation Clause of the Sixth Amendment. Mattox v. United States, 156 U.S. 237, 240–244, 15 S.Ct. 337, 39 L.Ed. 409 (1895). In recent years, as the Court has broadened the scope of a defendant's right of confrontation, it has taken great care to leave the basic holding of Mattox intact. California v. Green, 399 U.S. 149, 165–168, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970). For example, in Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965), the Court held unconstitutional a Texas procedure which had allowed the admission of prior recorded testimony against a criminal defendant on the narrow ground that the failure of the state to afford the defendant an attorney at the earlier proceeding deprived him of an adequate opportunity to effectively cross-examine the witness whose testimony the prosecution later sought to introduce. *See also* Douglas v. Alabama, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1963); *cf.* Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). And in Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968) the Court refused to allow the admission of prior recorded testimony at a criminal trial only because it found that the state had not made a diligent effort to locate the witness whom it claimed was unavailable. *See generally* Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969);

Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

 In its most recent pronouncement on the subject, moreover, the Court has made it clear that where (1) a witness is actually unavailable and (2) the defendant has had an adequate opportunity to cross-examine that witness at a prior proceeding raising the same issues, there is no constitutional obstacle to the admission of the prior recorded testimony. California v. Green, *supra*, 399 U.S. at 165–168, 90 S.Ct. 1930.

 Petitioner has never questioned the adequacy of his opportunity to cross-examine Silverio at his original trial. In his complaint, however, petitioner maintains that Silverio was not truly unavailable at the second trial and that the Commonwealth had not mounted a diligent search to find him. This contention, however, is simply not supported by the record. As noted by the Supreme Judicial Court:

> Silverio, a known drug addict, was a familiar person to several police departments, all of which joined in looking for him. His wife, mother, aunt and grandparents were checked. Police in Quincy, Hyde Park, West Roxbury and Newburyport, with default warrants in hand, were on the lookout for him, and he was particularly sought by his wife for the service of a divorce libel. All of these activities took place shortly before the trial. Mass. 295 N.E.2d at 166.

Accordingly, this court concludes that the search made for Silverio was diligent and that the admission of his testimony did not violate petitioner's right of confrontation.[3]

## II

Petitioner also claims that the manner in which Silverio's testimony was read to the jury violated his right to confrontation. The testimony stretched over two hundred pages of transcript and was read to the jury over a two-day period.

---

3. Indeed, at the September 27 hearing before this court, petitioner's counsel conceded that the record does not support this theory.

It covered Silverio's direct testimony, cross-examination, re-direct, and re-cross. Because of the length and complexity of the testimony, over a dozen lawyers participated in the presentation with the actors constantly changing. Petitioner maintains that this procedure was so confusing that any hope his trial counsel might have had to challenge Silverio's credibility in front of the jury was effectively lost.

■ As far as this court can determine, petitioner presents this theory for the first time in his habeas request. Neither the opinion of the Supreme Judicial Court, nor the brief which petitioner filed with that court, offer any suggestion that petitioner raised this matter on the state level.[4] Accordingly, petitioner has failed to exhaust his remedies under 28 U.S.C. § 2254(b) and (c),[5] removing this court's power to entertain that portion of petitioner's claim.

■ Petitioner correctly points out that the Supreme Judicial Court has broad powers to review the full record of a capital case on appeal. It may remand a case for a new trial or direct a verdict on a lesser degree of guilt whenever it finds that "justice may require" such a course. Mass.Gen.Laws. Ann. ch. 278, § 33E. This statutory discretion, however, does not diminish the responsibility of this court to obey the mandate of Congress and refrain from entertaining federal habeas claims on issues which have not been fairly presented at the state level. Picard v. Connor, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); Fay v. Noia, 372 U.S. 391, 419–420, 83 S.Ct. 822, 9 L.Ed.

2d 837 (1963); Bowen v. Johnston, 306 U.S. 19, 27, 59 S.Ct. 442, 83 L.Ed. 455 (1939).

To be sure, the petitioner presented the same facts to the Supreme Judicial Court which he presents here. Yet the confrontation claim which he now finds inherent in those facts was never brought squarely to the attention of the state court. The Supreme Judicial Court addressed the arguments petitioner offered; it cannot be faulted for failing also to consider *sua sponte* an argument which he poses now for the first time. *Picard,* 404 U.S. at 277, 92 S.Ct. 509.

■ Assuming *arguendo*, and in the interests of judicial economy, that the petitioner has exhausted his state remedies, this court finds no merit in his substantive claim. A trial judge has broad discretion in overseeing the conduct of a criminal trial, (*cf.* Illinois v. Allen, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970)) for he is in the best position to see that the proceedings are conducted fairly and without prejudice to the defendant. United States v. Bonanno, 177 F.Supp. 106, 121 (S.D.N.Y. 1957), rev'd on other grounds, 285 F.2d 408 (2d Cir. 1960).

In this case, the judge was faced with the practical problem of assuring that the lengthy and complex transcript of Mark Silverio's earlier testimony could be presented to the jury in an intelligible and articulate fashion. The fact that he allowed several persons to participate in the presentation, rather than having one person read the questions and another provide the answers, does not appear to be an unreasonable solution. Indeed,

---

4. Petitioner argues that the Supreme Judicial Court's "attention was called to the general issue of using prior recorded testimony on pages 11 through 17 of petitioner's appellate brief." (Petitioner's Memorandum at 10). However, a close examination of the materials in question reveals that this issue was discussed only in the context of petitioner's claim that the trial court erred in admitting the testimony of Mark Silverio before an adequate search had been made for him. There is no claim that the manner in which the testimony was read to the jury raised any constitutional question. Indeed, as petitioner's counsel

states at an earlier point in her memorandum to this court "the precise issue raised in the instant petition was not specifically raised in petitioner's appeal to the Supreme Judicial Court . . . ." Petitioner's Memo at 9.

It should be noted that petitioner's current counsel did not participate in the original trial or appeal.

5. Massachusetts does provide post-conviction procedures adequate to adjudicate this claim. Mass.Gen.Laws Ann. ch. 278, § 29. See Picard v. Connor, 404 U.S. 270, 272 n.3, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).

the judge may well have concluded that the procedure he adopted was the one most likely to hold the jury's attention while subjecting those reading the transcript to the least strain. Certainly there is no indication in the record that the jury was either confused or inattentive. Under these circumstances, this court cannot conclude that the state trial judge abused his discretion by the manner in which he allowed Silverio's prior testimony to be read, or in any way acted to deprive the petitioner of his constitutional rights.

In sum then, this court finds no merit in petitioner's claim that the admission of the transcript of Mark Silverio's earlier testimony deprived him of his constitutional right of confrontation. Additionally, because of petitioner's failure to exhaust his state remedies, this court feels it cannot entertain his claim that the manner in which the testimony was read to the jury also violated his rights. Alternatively, if the petitioner has exhausted his remedies under state law, the court rejects petitioner's second claim on the merits. The government's motion to dismiss is therefore granted and the petitioner's request for a Writ of Habeas Corpus is denied.