BOWLING, Justice,
for the Court:
Appellant was indicted, tried and convicted in the Circuit Court of Jackson County for the crime of selling a controlled substance [three capsules of heroin] to one Charles Spillers for the sum of $75. He assigns two alleged errors, namely:
1. The trial court erred in not requiring the attendance of an essential out of state witness.
2. The trial court’s verdict was against the overwhelming weight of the evidence.
On February 8, 1977, during the January term of the Circuit Court of Jackson County, appellant, through his attorney, filed a motion to require the court to make available witness “John Clayton, employee of the Mississippi Bureau of Narcotics.” The case was set for trial on February 14, 1977. It was not tried at that time and no order appears in the record in regard to the motion.
Two terms of court passed and the case was again set for trial on October 12, 1977. On the morning of the trial, prior to its beginning, appellant’s attorney presented a motion to the court to allow him to withdraw from the case because of non-cooperation of appellant. He further alleged in the motion that he had been informed at 1:30 P.M. on October 11, 1977, by the district attorney’s office that an essential witness, John Clayton, an employee of the Mississippi Bureau of Narcotics, would not be available as a witness, which had previously been agreed upon by counsel for defendant and the district attorney’s office; and that the presence of this witness for direct and cross-examination in any trial of the defendant would be absolutely necessary for his defense. The motion requested a continuance.
The district attorney orally dictated an answer to the motion into the record. He did not deny the agreement alleged by the attorney for appellant, but, in effect, admitted such agreement. He further stated that “[W]e can’t get this witness any longer. He has left the state. We don’t know where he is. We can’t find him or we haven’t been able to serve him a subpoena, and I don’t know if we will ever be able to find him.”
Immediately thereafter voir dire examination of the jury was had and the trial began. The first and only witness as to the occurrence alleged in the indictment was Charles Spillers, the person alleged to have purchased the controlled substance. Mr. Spillers, soon after commencing his testimony, stated that the witness John Clayton was confined to a Federal institution in Texas under a conviction of check forgery.
Spillers further testified that he was an undercover agent for the Mississippi Bureau of Narcotics. In detailing the occurrence leading to appellant’s arrest, he testified that John Clayton was a paid informant for the Bureau, and that early on the morning in question he called Spillers and arranged to go to appellant’s home to purchase the controlled substance. This was done with both Spillers and Clayton entering appellant’s home. According to Spillers, appellant would only pass the substance to Clayton after the latter was given the sum of $75 by Spillers; appellant and Clayton went to another room where the substance was passed to Clayton in exchange for the money. Spillers testified that he could see the transaction through an open doorway.
Appellant’s defense was an alibi. A girl friend testified that she was with him in New Orleans, Louisiana, at the time in question. Appellant’s wife testified that he was not at home on the night and morning in question.
The threshold question is whether or not the lower court should have granted a continuance upon admission that the state had agreed to have witness John Clayton present and failed to do so.
The record does not reveal any effort by appellant’s attorney to locate witness John *279 Clayton and have him available at the trial. We state without hesitation that had it not been for the admitted agreement, appellant’s contention of error because of the witness not being present would be invalid.
The record does not show any effort to locate the witness and a subpoena for his presence was not issued. After an investigation had been made and revealed that the witness was confined to a Federal institution in Texas, there were at least three ways appellant’s attorney could have secured the attendance of the witness, towit:
1. The witness’ attendance could have been secured by authority of 28 U.S.C.A., section 2241(c)(5), which gives Federal courts authority to issue writs of habeas corpus ad testificandum.
2. The United States Supreme Court has in effect ordered the United States Bureau of Prisons to permit Federal prisoners to testify in state courts in criminal proceedings pursuant to writs of habeas corpus issued by state courts. See Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968).
3. The witness could have been subpoenaed under the Uniform Witness Act as set out in Mississippi Code Annotated section 99-9-27.
As noted above, none of these procedures were done by appellant’s attorney, and in addition to this, the record does not show that anything else was done or any investigation made. The record in this regard is incomplete. In order to insure justice, however, we have to look at what we do have in the record. First, we have the motion that the witness be produced, which motion was filed on February 8, 1977. From the record it is evident that at sometime between that date and October 11, 1977, the day before the trial, appellant’s attorney and the district attorney’s office had some type of agreement regarding the production of the witness at the trial on October 12. As stated above, the agreement was alleged and not denied. It was stated by the district attorney immediately prior to trial that the location of the witness was completely unknown. Immediately thereafter, the first and only witness testified as to the missing witness’ location. We do not mean to imply any bad faith on the part of the district attorney’s office. It is entirely possible that preparation for trial had been made without the presence of witness Spil-lers and he had not been requested to give information regarding the witness prior to taking the stand.
Whether or not the missing witness was. material is accentuated by the alibi defense and the further fact that the witness Clayton was the main participating person in the alleged purchase of the controlled substance from appellant. He admittedly was paid for this service and according to the testimony was the actual purchaser. It is understandable why appellant’s attorney wished his presence at the trial.
We conclude that the case should be reversed solely because of the admitted failure of the state to have the witness present pursuant to the agreement hereinbefore discussed. Had it not been for this agreement, the record would be entirely insufficient as to the necessary investigation and action on the part of appellant’s attorney to secure the attendance of the witness. For clarification and not criticism, the attorney of record in the appeal did not appear for the appellant in the lower court. Further, the trial attorney surely had the right to rely on any agreement between him and the district attorney’s office. For the reason stated, the case is reversed and remanded for a new trial.
REVERSED AND REMANDED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and COFER, JJ., concur.