STATE of Missouri,
Plaintiff–Respondent,

v.

Deborah Gail NICHOLS (Crow),
Defendant–Appellant.

No. 16165.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 12, 1989.

William L. Webster, Atty. Gen., Frank A. Jung, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Raymond L. Legg, Columbia, for defendant-appellant.

MAUS, Judge.

A jury found defendant, Deborah Gail Nichols (Crow), guilty of stealing by aiding or encouraging Bobby Jay Smith, Timmy Joe Lee and Arthur Crow, Jr., in stealing fourteen head of cattle in McDonald County. She was sentenced to imprisonment for four years.

Defendant does not question the sufficiency of the evidence. Her only point on appeal is the trial court erred in refusing to issue a writ of habeas corpus *ad testificandum* to compel the presence of Arthur Crow, Jr., as a witness. The record on this point consists of a portion of the transcript of a pretrial dialogue between the trial court and defense counsel. That record reflects that approximately one week before trial, upon returning from a conference, the judge found in his office a petition for such a writ to be directed to the Sheriff of McDonald County, Missouri for the presence of Arthur Crow, Jr., an inmate in the Arkansas Tucker Prison Farm. The trial court refused because it did not want to commit a useless act.

The defendant argues the trial court should have issued the writ because the authorities in Arkansas might have honored the writ. She further argues the circuit court erred in not "granting appellant the alternative method of obtaining Arthur Crow's testimony by examination on interrogatories or deposition taken at his place of confinement in Arkansas." To support these arguments, she cites the following quotation:

"'[T]he possibility of a refusal is not the equivalent of asking and receiving a re-

buff.' ... In short, a witness is not 'unavailable' for purposes of the foregoing exception to the confrontation requirement unless the prosecutorial authorities have made a good-faith effort to obtain his presence at trial. The State made no such effort here, and, so far as this record reveals, the sole reason why Woods was not present to testify in person was because the State did not attempt to seek his presence. The right of confrontation may not be dispensed with so lightly."

*Barber v. Page*, 390 U.S. 719, 724–725, 88 S.Ct. 1318, 1322, 20 L.Ed.2d 255, 260 (1968) (citation omitted.)

*Barber* is not authority for the defendant's argument. The court in *Barber* held that the state cannot introduce a transcript of testimony of a witness at a preliminary hearing unless a reasonable effort was made to obtain that witness' presence at the defendant's trial. Here, it was the defendant who wanted Arthur Crow, Jr., as a witness. "Process issued out of the courts of the State of Missouri does not have any extraterritorial power." *State v. Ivory*, 609 S.W.2d 217, 220 (Mo.App.1980), 12 A.L.R. 4th 731, 737 (1982). Also see *State v. Closterman*, 687 S.W.2d 613 (Mo. App.1985). The defendant made no effort to obtain the presence of the witness under §§ 491.400–491.450. Cf. *State v. Sykes*, 611 S.W.2d 278 (Mo.App.1980). She made no effort to obtain the deposition of Arthur Crow, Jr., as provided by Rule 25.12. It was not the obligation of the trial court to produce witnesses for the defendant. *State v. Ivory*, supra.

The judgment is affirmed.

HOGAN, C.J., and FLANIGAN, J., concur.