UNITED STATES of America, Plaintiff,

v.

Richard T. MARCHESE, David R. Nemelka, Laura Lee Sorenson, and Orville Leroy Sandberg, Defendants.

Cr. A. No. 93–CR–8.

United States District Court,
D. Colorado.

Jan. 31, 1994.

**1308**

Kenneth R. Buck and Gerald Rafferty, Asst. U.S. Attys., Denver, CO, for plaintiff.

Joseph Saint–Veltri and Leonard Davies, Denver, CO, for Marchese.

John H. Schlie, Cross, Schlie and Heckenbach, Englewood, CO, for Sandberg.

David Kaplan, Pozner, Hutt & Kaplan, P.C., Denver, CO, for Sorenson.

Steven L. Waters and Martha J. Bohling, Robinson, Waters, O'Dorisio and Rapson, P.C., Denver, CO, for Nemelka.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

This matter is before me on the government's motion to admit Canadian deposition testimony as substantive evidence pursuant to Fed.R.Crim.P. 15(e). The motion has been briefed fully and oral argument was heard on January 28, 1994. Because the prosecution has made a good-faith and reasonable effort to secure the attendance of these witnesses for trial, I will grant the government's motion.

### I.

Pursuant to my August 27, 1993 order, six Canadian witnesses were deposed during the week of November 8, 1993. Their testimony was taken by a court reporter and also videotaped. With the exception of Wayne Budd, each witness was represented by counsel. Before any substantive questioning began, all of the witnesses, who were represented by counsel, asserted their self-incrimination rights under Canadian law. The Canadian Commissioner, pursuant to Canadian law, then directed them to answer the questions. In addition, the government had previously provided each witness with a letter of immunity.

During the depositions, each witness was given a trial subpoena. Each witness was asked if he planned to attend the upcoming trial. The witnesses responded as follows:

1) Wayne Budd, the only witness not represented by counsel, testified that he might appear for trial.

2) Kenneth Coe testified that he would not appear for trial.

3) George Ellis testified that he would not appear for trial.

4) Enrice Guistra testified that he would not appear for trial.

5) Bruce Stratton testified that he would not appear for trial.

6) John Magee testified that he would not appear for trial.

### II.

Defendant Nemelka opposes the government's motion on the ground that the Canadian deposition testimony is unreliable and, therefore, inadmissible under the Confrontation Clause of the United States Constitution. Nemelka also contends that the deposition testimony is inadmissible because the witnesses are not "unavailable" as required by Fed.R.Crim.P. 15(e).

The confrontation clause of the Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." This right secures an adequate opportunity to cross-examine adverse witnesses. *U.S. v. Owens*, 484 U.S. 554, 557, 108 S.Ct. 838, 841, 98 L.Ed.2d 951 (1988). The manner of cross-examination must comply with the purposes behind the confrontation clause: 1) ensuring that a witness testifies under oath; 2) forcing a witness to undergo cross-examination; and 3) permitting the jury to observe the witness' demeanor. *California v. Green*, 399 U.S. 149, 158, 90 S.Ct. 1930, 1935, 26 L.Ed.2d 489 (1970). Furthermore, the Confrontation Clause permits the use of out-of-court statements if the witness is unavailable and his statement bears adequate indicia of reliability. *Ohio v.*

*Roberts,* 448 U.S. 56, 66, 100 S.Ct. 2531, 2539, 65 L.Ed.2d 597 (1980).

■ I conclude that the Canadian deposition testimony is reliable and comports with the purposes and requirements of the confrontation clause. Here, each Canadian witness took an oath to tell to the truth before he was deposed. Counsel for all of the parties attended the depositions. Two weeks before the scheduled depositions, the government provided defendants' counsel with all of the deposition exhibits. Furthermore, everyone was aware that the Canadian witnesses were being deposed to preserve their testimony for trial and, therefore, all of the parties had the incentive to develop the testimony fully. See, August 27, 1993 Order, p. 4. In addition, the defendants, through their counsel, had an adequate opportunity to cross-examine these adverse witnesses. Moreover, no showing has been made that there were any limits placed on the scope or the nature of the deposition testimony. Finally, all of the depositions were videotaped so that a jury could observe the demeanor of these witnesses. Under these circumstances, the Canadian depositions meet the constitutional standards of reliability and the defendants' confrontation clause rights will not be violated by admitting these depositions at trial.

■ This leaves only the requirement of the declarant's unavailability, which appears in Fed.R.Crim.P. 15(e) and Fed.R.Evid. 804(a). Rule 15(e) of the Federal Rules of Criminal Procedure permits the use of a deposition at trial as substantive evidence only "... if the witness is unavailable, as unavailability is defined in Rule 804(a) of the Federal Rules of Evidence ..." Rule 804(a)(5) states specifically that a witness is unavailable if the plaintiff "... has been unable to procure his attendance ... by process or other reasonable means." The proponent of the evidence bears the burden of demonstrating the unavailability of the declarant. *U.S. v. Eufracio–Torres,* 890 F.2d 266, 269 (10th Cir.1989), *cert. denied,* 494 U.S. 1008, 110 S.Ct. 1306, 108 L.Ed.2d 482 (1990). "The lengths to which the prosecution must go to produce a witness ... is a question of reasonableness." *Ohio v. Roberts,* 448 U.S. 56, 74, 100 S.Ct. 2531, 2543, 65 L.Ed.2d 597 (1980). The Supreme Court has held that a witness is not "unavailable" for purposes of this exception to the confrontation clause requirement unless the prosecutorial authorities have made a "good faith" effort to obtain the declarant's presence at trial. *Barber v. Page,* 390 U.S. 719, 724–725, 88 S.Ct. 1318, 1321–22, 20 L.Ed.2d 255 (1968).

The government contends that they have met the reasonable means requirement and, thus, the Canadian deposition testimony is admissible. To meet this requirement, the government served the witnesses with trial subpoenas and asked each of them whether they would appear at trial. With one exception, Mr. Budd, they all said unequivocally that they had no intention of appearing at trial. This questioning was conducted under oath on the record during the depositions. The witnesses are all Canadian citizens and, therefore, not subject to this court's process.

■ While the government submits that there is a procedure under a treaty between Canada and the United States to ask the Canadian authorities to serve another set of trial subpoenas, the government argues that such effort is not necessary to meet the reasonable means requirements of Rule 804(a). I agree. In this case, imposing this additional step is futile because it has no binding legal effect and because each witness, except Mr. Budd, has clearly stated that he will not appear at trial.

■ Accordingly, I am satisfied that the government has made a good-faith and reasonable effort to secure the presence to the Canadian witnesses at trial. The government has met its burden of proving "unavailability" as to all these witnesses except Mr. Budd. Since Mr. Budd has indicated that he intends to voluntarily appear at trial, I will deny the government's motion as to Mr. Budd because he is not "unavailable" at this juncture. However, I will revisit this issue at the time of trial should Mr. Budd choose not to attend.

Accordingly, IT IS ORDERED that the government's motion to admit the deposition testimony of the Canadian witnesses IS GRANTED as to Kenneth Coe, George Ellis,

Enrice Guistra, Bruce Stratton, and John Magee. As for Mr. Budd, the government's motion IS DENIED without prejudice.