**In re Catherine L. PRINTUP a/k/a Catherine Flowers a/k/a Katie Printup a/k/a Catherine Holland Debtor**

No. 00–33898.

United States Bankruptcy Court, E.D. Tennessee.

June 8, 2001.

B.R. 932, 958 n. 43 (Bankr.E.D.Tenn.1998).

James M. Crain, Knoxville, TN, for Debtor.

Bailey, Roberts & Bailey, P.L.L.C., N. David Roberts, Jr., Knoxville, TN, for Bank One.

Gentry, Tipton, Kizer & McLemore, P.C., Maurice K. Guinn, Knoxville, TN, for Stewart Investigations & Recovery, Inc.

## *MEMORANDUM ON DEBTOR'S MOTION TO AMEND JUDGMENT*

RICHARD S. STAIR, Jr., Bankruptcy Judge.

On May 23, 2001, the court filed its Memorandum on Debtor's Motion for Sanctions and entered an Order denying the Debtor's December 21, 2000 Motion for Sanctions, as amended by her Amended Motion for Sanctions filed January 5, 2001. *See In re Printup*, 264 B.R. 169 (Bankr. E.D.Tenn.2001). By its Order, the court

also annulled the automatic stay of 11 U.S.C.A. § 362(a)(3), (4) (West 1993) as to all postpetition actions taken by Bank One to repossess and dispose of a 1997 Chrysler LHS in the Debtor's possession at the commencement of her Chapter 7 case.

The court now has for consideration the Debtor's Motion to Amend Judgment filed on June 4, 2001, in which the Debtor advances two points of alleged error. She first asserts, without any supporting authority, that the court erred by not admitting several out-of-court statements of the Debtor's estranged husband, Duane Printup, as evidence of her ownership of the Chrysler. The Debtor also argues that the court "erred in annulling the automatic stay under the facts and circumstances of this case ...." The court will address these theories in turn.

### I

The Federal Rules of Evidence define hearsay as "a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." FED. R. OF EVID. 801(c). A hearsay statement is inadmissible as evidence unless it fits into a recognized hearsay exception. See FED. R. OF EVID. 802.

Rule 804(b)(3) establishes an exception for statements against interest, including those declarations "which [were] at the time of [their] making so far contrary to the declarant's pecuniary or proprietary interest ... that a reasonable person in the declarant's position would not have made the statement[s] unless believing [them] to be true." FED. R. OF EVID. 804(b)(3). This exception may only be used when the declarant is "unavailable as a witness." See FED. R. OF EVID. 804(b).

■ "Unavailability" is defined by FED. R. OF EVID. 804(a) to include those situations where a declarant "is absent from the hearing and the proponent of a statement has been unable to procure the declarant's attendance [or testimony] *by process or other reasonable means.*" FED. R. OF EVID. 804(a)(5) (emphasis added). The proponent of the hearsay statement bears the burden of demonstrating the witness's unavailability. *See Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 2543, 65 L.Ed.2d 597 (1980).

At trial, the Debtor offered numerous out-of-court statements by Mr. Printup as evidence of her purported ownership of the Chrysler. This testimony was consistently met with hearsay objections by Bank One's counsel. The court ruled that the out-of-court statements were inadmissible because the Debtor had failed to demonstrate unavailability as that term is defined by FED. R. OF EVID. 804(a). *See Printup,* 264 B.R. at 171 n. 3.

■ As noted, to demonstrate unavailability under Rule 804(a)(5) the proponent of the statement must show both that the declarant "is absent from the hearing" and that the proponent was "unable to procure the declarant's attendance ... by process or other reasonable means." *See* FED. R. OF EVID. 804(a)(5); *Williams v. United Dairy Farmers,* 188 F.R.D. 266, 272 (S.D.Ohio 1999). Mere absence from the hearing therefore does not alone establish unavailability, because the proponent must also demonstrate that a reasonable, good faith effort was "undertaken prior to trial to locate and present that witness." *Roberts,* 100 S.Ct. at 2543; *accord United Dairy Farmers,* 188 F.R.D. at 272.

■ Despite these requirements set forth by the Federal Rules of Evidence and the Supreme Court, the Debtor now argues that her testimony alone was sufficient to establish her estranged husband's "unavailability" under Rule 804(a)(5). The

Debtor testified that she does not know Mr. Printup's current whereabouts and has not been in recent contact with him. Also, in responding to one hearsay objection, the Debtor's counsel argued that an out-of-court declaration by Mr. Printup was a statement against interest "admissible where the declarant is unavailable."

█ At no time, however, did the Debtor establish that any reasonable, good faith steps were taken to procure Mr. Printup's testimony. *See Roberts,* 100 S.Ct. at 2543. Reasonable efforts to subpoena the witness must be taken, even where it appears that those efforts will possibly be fruitless. *See id.* at 2544; *Barber v. Page,* 390 U.S. 719, 88 S.Ct. 1318, 1322, 20 L.Ed.2d 255 (1968) ("[T]he possibility of a refusal is not the equivalent of asking and receiving a rebuff.") (citation omitted). "[S]o far as this record reveals, the sole reason why [Mr. Printup] was not present to testify in person was because [the Debtor] did not attempt to seek his presence." *Barber,* 88 S.Ct. at 1322.

Because the Debtor did not meet her burden of demonstrating her efforts to procure her estranged husband's testimony "by process or other reasonable means," Mr. Printup was not an "unavailable" witness. *See* FED. R. OF EVID. 804(a)(5). Accordingly, because Mr. Printup was not unavailable to testify, his out-of-court statements are not admissible under the Rule 804(b)(3) exception for statements against interest and were correctly excluded at trial.

## II

The court recognized an automatic stay violation in Bank One's interference with the Debtor's possessory interest but retroactively annulled the stay on equitable grounds. *See Printup,* 264 B.R. at 174–76. Even if the court were to now admit, and give credit to, all of Duane Printup's out-of-court statements and then find that the Debtor in fact had a possessory interest in the car, the equities of this case would remain unaltered.

The automatic stay was annulled because the court found that "the debtor [was] attempting to use the stay unfairly as a shield to avoid an unfavorable result." *Id.* at 176 (citing and quoting *Easley v. Pettibone Mich. Corp.,* 990 F.2d 905, 911 (6th Cir.1993)). The cornerstone of the court's finding was the Debtor's own testimony that she omitted her name from the Chrysler's ownership records solely to unlawfully conceal her whereabouts from the Florida criminal justice system. The repossession would likely not have occurred if Bank One's records accurately reflected the Debtor's purported ownership. The content of those records, like the repossession itself, was a link in a chain of events directly forged by the Debtor's own misconduct.

The court will not provide this Debtor with an escape from the consequences of her own duplicity. For the reasons stated in this Memorandum, the Debtor's Motion to Amend Judgment will be denied. An appropriate order will be entered.

### *ORDER*

For the reasons stated in the Memorandum on Debtor's Motion to Amend Judgment filed this date, the court directs that the Motion to Amend Judgment filed by the Debtor on June 4, 2001, is DENIED.

SO ORDERED.