**Byron Glen GEORGE, Petitioner—Appellee,**

v.

**G.J. GIURBINO, Warden, Respondent—Appellant.**

No. 03–56822.

United States Court of Appeals, Ninth Circuit.

Submitted March 7, 2005.*

Decided May 6, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

---

Alissa Sawano Peterson, Irvine, CA, for Petitioner–Appellee.

Byron Glen George, Imperial, CA, Barry J.T. Carlton, Office of the California Attorney General, San Diego, CA, for Respondent–Appellant.

Before: BRUNETTI, SILVERMAN, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Warden G.J. Giurbino (hereinafter "the State") appeals the district court's grant of habeas relief to prisoner Byron Glen George. After a 1998 jury trial in California Superior Court, George was convicted on five counts (attempted murder, kidnapping for carjacking, carjacking, assault with a deadly weapon, and felon in possession) and was sentenced to two concurrent life terms. His convictions were based largely on the videotaped conditional examination—both direct and cross—of the victim, Edwin Recinto, who by the time of trial had left California for his native Philippines.

George's contention that admission of the videotaped conditional exam violated his Confrontation Clause rights was rejected by the state trial and appellate courts, and was denied review in the state supreme court. State habeas relief was likewise unavailing. In September 2003, the district court granted habeas relief on the ground that the state court decision to admit the videotaped testimony was an unreasonable application of clearly established federal law.

We review de novo the district court's grant of habeas relief. *Leavitt v. Arave*, 371 F.3d 663, 668 (9th Cir.), *amended by* 383 F.3d 809 (9th Cir.2004). Because George filed his federal habeas petition in 2002, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs the scope of our review. Under AEDPA, a federal court cannot grant habeas relief unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

We have held that "the *only* definitive source of clearly established federal law under AEDPA is the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision." *Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir.2003). Accordingly, although "circuit law may be 'persuasive authority' for purposes of determining whether a state court decision is an unreasonable application of

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Supreme Court law, only the Supreme Court's holdings are binding on the state courts and only those holdings need be reasonably applied." *Id.* (citation omitted).

## I.

■ Hearsay testimony, such as the conditional examination here at issue, is admissible consistent with the Confrontation Clause only when its declarant is "unavailable" and it bears "adequate indicia of reliability." *Ohio v. Roberts*, 448 U.S. 56, 66, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980)(internal quotation marks omitted). As to the latter prong, we reject George's argument that Recinto's testimony was unreliable in that it was "inconsistent" and "contradicted by other evidence." Reliability for Confrontation Clause purposes is found in the accouterments of a formal hearing—specifically, cross examination—rather than in a particularized examination of the "inherent reliability or unreliability" of the declarant's testimony. *See id.* at 72–73, 100 S.Ct. 2531; *see also Crawford v. Washington*, 541 U.S. 36, 41, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) (requiring "not that evidence be reliable, but that reliability be assessed in a particular manner: by testing in the crucible of cross-examination").[1] Because Recinto's conditional examination was conducted in a trial setting, before a judge, with George present and represented by counsel—and, most critically, because George's counsel extensively cross-examined Recinto—his testimony is sufficiently reliable. for Confrontation Clause purposes. *See id.*

We thus turn our attention to whether the state court determination that Recinto was unavailable at the time of trial was contrary to or an unreasonable application of clearly established federal law, as embodied in the *Roberts* good-faith effort test. *Id.* at 74–76, 100 S.Ct. 2531 (explaining that a witness is not "unavailable" for Confrontation Clause purposes "unless the prosecutorial authorities have made a *good-faith effort* to obtain his presence at trial").

## II.

■ The district court correctly concluded that the state court decision was not contrary to clearly established law. A state court decision is "contrary to" clearly established federal law if it "fails to apply the correct controlling authority, or if it applies the controlling authority to a case involving facts materially indistinguishable from those in a controlling case, but nonetheless reaches a different result." *Clark*, 331 F.3d at 1067 (citing *Williams v. Taylor*, 529 U.S. 362, 413–14, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)). The Supreme Court has instructed that "[a]voiding these pitfalls does not require citation of our cases—indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002).

Here, although the state court did not cite Supreme Court precedent, the rule it applied paralleled that precedent. After engaging in a fact-intensive review of the record, it concluded that, "In light of Re-

---

1. *Crawford*, of course, had not been decided at the time of the state court decision, at which time *Roberts* controlled. In *Bockting v. Bayer*, 399 F.3d 1010 (9th Cir.2005), this court addressed the retroactivity of *Crawford*, pursuant to *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), to cases on federal habeas review. The extent to which the reliability standards articulated in *Crawford* and *Roberts* differ, however, makes no difference here: The conditional examination procedures, which provided for thorough cross examination, render Recinto's testimony reliable under either standard.

186

cinto's recalcitrance, there is no basis to impugn the trial court's finding that the prosecution used reasonable diligence in securing his attendance for trial." Its analysis of the factual circumstances and its conclusion—that the prosecution exercised "reasonable diligence" under those circumstances—indicate that it weighed the reasonableness of the State's efforts. This standard does not contradict the *Roberts* good-faith effort test, which likewise questions the reasonableness of the State's efforts under the circumstances; rather, it mirrors it. *See Roberts*, 448 U.S. at 74–75, 100 S.Ct. 2531. Thus, the state court decision was not "contrary to" clearly established federal law.

## III.

■ The district court erred, however, in concluding that the state court decision was an unreasonable application of clearly established law. A state court decision is an "unreasonable application of" clearly established federal law if it "identifies the correct governing legal principle ... but unreasonably applies that principle to the facts of the prisoner's case." *Clark*, 331 F.3d at 1067 (quoting *Williams*, 529 U.S. at 413, 120 S.Ct. 1495). A federal court may not grant habeas relief "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must be objectively unreasonable." *Id.* at 1068 (citation omitted). The "objectively unreasonable" standard is *more* deferential than review for clear error, *Lockyer v. Andrade*, 538 U.S. 63, 75, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003), and gives state courts wide leeway in applying general rules. *Yarborough v. Alvarado*, 541 U.S. 652, 124 S.Ct. 2140, 2149, 158 L.Ed.2d 938 (2004).

In this case, the state decision was in accord with Supreme Court precedent because: the state court found that Recinto had left the country by the time of trial; that factual finding was reasonable and thus demands deference; and the Supreme Court requires no more to establish that the State has met its good-faith obligation. The California Court of Appeal found that Recinto had left the country by the time of trial. Under AEDPA, state court findings of fact, whether made by a trial court or appeals court, are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir.2001). George has made no such showing here. Further, the Supreme Court in *Mancusi v. Stubbs*, 408 U.S. 204, 212, 92 S.Ct. 2308, 33 L.Ed.2d 293 (1972), held that an absent witness was constitutionally unavailable where "the State ... was powerless to compel his attendance" because "[he] resided in a foreign nation." Thus, the state court decision here was not objectively unreasonable; rather, it was entirely consistent with *Mancusi.*

Other Supreme Court cases addressing constitutional unavailability—specifically, *Roberts* and *Barber v. Page*, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968)—do not compel a different result. In any event, the district court's approach, which treated the moment of the conditional exam as pivotal and judged only the reasonableness of the State's efforts undertaken *after* the conditional examination, finds no roots in Supreme Court precedent. Here, the State's efforts *before* the conditional exam were significant, and Supreme Court precedent suggests no reason not to credit them in a *Roberts* good-faith analysis.

Therefore, in view of the limited Supreme Court precedent on constitutional

unavailability and AEDPA's highly deferential standard of review, the state court decision was neither contrary to nor an objectively unreasonable application of clearly established federal law.

REVERSED and REMANDED with directions to deny the petition for a writ of habeas corpus.