**John Michael SCHUNN, Petitioner–Appellant,**

v.

**Dora B. SCHRIRO; Arizona Attorney General, Respondents–Appellees.**

No. 06–15616.

United States Court of Appeals, Ninth Circuit.

Submitted June 18, 2008.*

Filed July 3, 2008.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

John Michael Schunn, Arizona State Prison Central Arizona Correctional Facility, Florence, AZ, for Petitioner–Appellant.

Nicholas Acedo Fax, Office of the Arizona Attorney General, Phoenix, AZ, for Respondent–Appellee.

Before: REINHARDT, LEAVY, and CLIFTON, Circuit Judges.

## MEMORANDUM **

John Schunn, an Arizona state prisoner, appeals pro se the denial of his habeas corpus petition under 28 U.S.C. § 2254.

R.App. P. 34(a)(2).

He was convicted for burglary, armed robbery, sexual assault, and three counts of kidnapping. He contends that the admission at his retrial of a co-defendant's prior trial testimony violated his Sixth Amendment right of confrontation because the co-defendant was not "unavailable." We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

"[H]abeas relief is warranted only where the state court's adjudication of the merits: '(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.'" *Bockting v. Bayer*, 505 F.3d 973, 977 (9th Cir.2007) (quoting 28 U.S.C. § 2254(d)(1)–(2)).

"[T]he prosecution may introduce the prior testimony of a witness without running afoul of the Sixth Amendment, as long as two criteria are met: 'First, the prosecutor must prove that the witness is unavailable to testify at trial. Second, the defendant must have had the opportunity to cross-examine the witness at the prior hearing.'" *Jackson v. Brown*, 513 F.3d 1057, 1082 (9th Cir.2008) (quoting *Windham v. Merkle*, 163 F.3d 1092, 1102 (9th Cir.1998)). "A witness will be deemed 'unavailable' only if 'the prosecution authorities have made a good-faith effort to obtain his presence at trial.'" *Id.* at 1083 (quoting *Barber v. Page*, 390 U.S. 719, 724–25, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968)). "The lengths to which the prosecution must go to produce a witness ... is a question of reasonableness." *Ohio v. Roberts*, 448 U.S. 56, 74, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980) (quotation omitted).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Schunn's co-defendant, who already had served his sentence, testified at Schunn's first trial, which ended in a mistrial on January 20, 2000. As stated by the district court, two Maricopa County Attorney's Office investigators and a police officer took numerous actions aimed at securing the co-defendant's presence at Schunn's retrial, including telephone calls and surveillance. In addition, after the first trial, the trial court and the prosecutor informed the co-defendant that he still was under subpoena. We affirm the district court's conclusion that the prosecution made a good faith effort and that the co-defendant was unavailable to testify at Schunn's retrial. *See Jackson*, 513 F.3d at 1082–83.[1]

**AFFIRMED.**

1. To the extent that Schunn raises uncertified issues in his opening brief and requests broadening of the certificate of appealability, the request is denied.