**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| BRETT ANTHONY MARQUIS, | No. 10-55303 |
| Petitioner - Appellant, | D.C. No. 3:07-cv-00730-W-POR |
| v. | |
| VINCENT J. IARIA, Chief Probation Officer, County of San Diego and ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, Senior District Judge, Presiding

Argued and Submitted May 4, 2011
Pasadena, California

Before: SILVERMAN, TALLMAN, and CLIFTON, Circuit Judges.

Bret Marquis appeals the district court's denial of his 28 U.S.C. § 2254

habeas corpus petition, in which he claims that his Confrontation Clause right was

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

violated when the trial court admitted the victim's preliminary hearing testimony at trial. Because the California Court of Appeal's adjudication of this claim was neither contrary to nor an unreasonable application of Supreme Court precedent, we affirm. *See* 28 U.S.C. § 2254(d).

The Sixth Amendment permits the admission of testimonial statements from an absent witness where the witness is unavailable and the defendant had a prior opportunity to cross-examine. *See Crawford v. Washington*, 541 U.S. 36, 59 (2004). At the time of trial in this case, the minor victim, Raymond, was residing—against his will—in a secure residential treatment facility in Mexico for teenagers with drug and behavior problems. His mother had forcibly transported him to the facility as a "last resort," believing his participation in the program to be a matter of "life or death." Raymond's mother refused to authorize his release from the facility to allow him to travel to San Diego to testify at trial unless the trial court or the prosecution could guarantee Raymond's secure transfer back to the facility after his trial testimony. In an effort to obtain Raymond's presence at trial, the prosecutor served him and his mother with subpoenas issued by the San Diego County Superior Court and the United States District Court for the Southern District of California. The prosecutor also researched possible methods of ensuring Raymond's secure transportation from the courthouse to the facility, but

concluded on the advice of county counsel that those methods were possibly illegal or could otherwise subject the county to liability.

The California Court of Appeal reasonably concluded that despite the prosecution's diligent efforts to obtain Raymond's presence at trial, Raymond was unavailable. *See Barber v. Page*, 390 U.S. 719, 724–25 (1968) (holding that a witness is not unavailable for Confrontation Clause purposes unless the prosecution makes a "good-faith effort to obtain his presence at trial."). Although the prosecution did not move the trial court to hold Raymond or his mother in contempt for violating the subpoenas, nothing in the applicable Supreme Court precedent requires this step before a state court may find a witness to be unavailable—particularly in light of the likely futility of such a motion in this case. It is highly unlikely that a parent's refusal to interfere with her child's critically necessary in-patient treatment would be deemed "without good cause" and thus, contumacious. *See Ohio v. Roberts*, 448 U.S. 56, 74 (1980) ("The law does not require a futile act.").

Because we cannot say that the California Court of Appeal's decision upholding the trial court's unavailability determination was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement," Marquis is not entitled to

federal habeas relief.  *See Harrington v. Richter*, 131 S. Ct. 770, 786–87 (2011).

**AFFIRMED.**