**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**MAR 6 2001**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

SUSANO CARDENAS, JR.,

    Plaintiff-Appellant,

v.

RONALD LYTLE, Warden;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

    Defendants-Appellees.

No. 00-2389
(District of New Mexico)
(D.C. No. CIV-97-1011 BB/WWD)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **BRISCOE,** and **MURPHY**, Circuit Judges.

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner, Susano Cardenas, Jr. was convicted of aggravated battery with a firearm enhancement and, in a separate proceeding, of three counts of third degree criminal sexual contact. On July 31, 1997, Cardenas filed a motion pursuant to 28 U.S.C. § 2254 challenging his conviction on the aggravated battery charge on the basis that he was denied his Sixth Amendment right to confront a witness. Additionally, Cardenas challenged the sexual contact conviction, claiming his trial counsel was constitutionally ineffective for failing to call corroborating witnesses at his trial.

The district court denied relief on the Confrontation Clause claim but granted Cardenas a certificate of appealability ("COA") on that issue. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that an appeal may not be taken from the denial of a § 2254 habeas petition unless the petitioner first obtains a COA). The court also denied relief on the ineffective assistance claim and declined to grant Cardenas a COA. Cardenas is before this court seeking review of the district court's resolution of the Confrontation Clause claim and seeking a COA so he can appeal the denial of the ineffective assistance claim. We **affirm** the judgment of the district court as to Cardenas' Confrontation Clause claim. We **deny** Cardenas a COA as to his ineffective assistance claim and **dismiss** the appeal in part.

Cardenas' Confrontation Clause claim arises from the failure of the prosecution to produce the victim, Hipolito Pena, at Cardenas' trial. After concluding that Pena was unavailable, the trial court, over Cardenas' objection, permitted the prosecution to present taped testimony given by Pena during a preliminary hearing. Cardenas' claim is limited to his assertion that Pena was not "unavailable" because the prosecution did not exercise good faith and due diligence in attempting to secure his appearance at Cardenas' trial. *See Ohio v. Roberts*, 448 U.S. 56, 64 (1980) ("In the usual case . . . the prosecution must either produce, or demonstrate the unavailability of, the declarant whose statement it wishes to use against the defendant."); *Barber v. Page*, 390 U.S. 719, 724-25 (1968) ("[A] witness is not 'unavailable' for purposes of the . . . exception to the confrontation requirement unless the prosecutorial authorities have made a good-faith effort to obtain his presence at trial.").

Cardenas filed his § 2254 petition after the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA, therefore, governs this court's review of his Confrontation Clause claim. Because Cardenas' claim has already been adjudicated on the merits by the New Mexico state court, this court cannot grant the writ of habeas corpus unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the

United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented at trial." *Id*. § 2254(d)(2); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000).

The district court methodically set out the facts surrounding the assault on Pena, the prosecution's efforts to secure Pena's appearance at Cardenas' trial, and the bases on which the state court denied Cardenas' claim. The court then applied the AEDPA standard and concluded that Cardenas was not entitled to relief on his Confrontation Clause claim. We have thoroughly reviewed the record, including Cardenas' appellate brief, and agree that the state court's adjudication of his Confrontation Clause claim was not "contrary to, or involved an unreasonable application of, clearly established Federal law," or "based on an unreasonable determination of the facts in light of the evidence presented at trial." 28 U.S.C. § 2254(d)(1), (2).

Before Cardenas is entitled to a COA on his ineffective assistance claim, he must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Cardenas may make this showing by demonstrating that the issues raised are debatable among jurists, a court could resolve the issues differently, or that the questions presented deserve further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). After consideration of Cardenas' request for a COA, and a *de novo* review of the magistrate judge's

recommended disposition, the district court's order, and the entire record on appeal, this court concludes that Cardenas has not made a "substantial showing of the denial of a constitutional right," and is thus not entitled to COA on his ineffective assistance claim.

For substantially those reasons set forth in the magistrate judge's recommended disposition and the district court's order dated August 22, 2000, this court **affirms** the district court's denial of relief on Cardenas' Confrontation Clause claim. This court **denies** Cardenas' request for a COA on his ineffective assistance claim and **dismisses** the appeal in part.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge