Isaac GRIGGS, Petitioner–Appellant,

v.

**M. MAYLE; Attorney General of the State of California, Respondents–Appellees.**

No. 01–55229.

D.C. No. CR–99–00753–MMM.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 9, 2002.*

Decided Sept. 17, 2002.

Before HUG, O'SCANNLAIN, and TASHIMA, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2). Accordingly, we deny appellant's October 11, 2001 "motion for enlargement of time to present motion setting forth reasons why oral argument should be heard."

### MEMORANDUM **

Isaac Griggs, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, *Schell v. Witek,* 218 F.3d 1017, 1022 (9th Cir.2000) (en banc), and we affirm.

Griggs contends that the trial court erred by allowing the preliminary hearing transcript of a primary witness to be read into evidence, in place of live testimony at trial, thereby violating the Confrontation Clause. We find this contention unpersuasive.

The district court concluded that the prosecution demonstrated that the witness was unavailable and her testimony bore sufficient indicia of reliability. *See Ohio v. Roberts,* 448 U.S. 56, 65–66, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980) (setting forth a two-part test for determining violations of the Confrontation Clause). This was based on a finding that the prosecution made a good faith effort in attempting to locate the witness, *see Roberts,* 448 U.S. at 74 (stating that the law does not require the performance of "futile" acts to find the witness, but merely reasonable efforts); *Barber v. Page,* 390 U.S. 719, 724–25, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968) (predicating "unavailability" upon prosecution's good-faith effort to obtain the witness's presence at trial), as well as a finding that the witness' prior testimony was reliable. *See California v. Green,* 399 U.S. 149, 165–66, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970) (finding sufficient guarantees of trustworthiness in using testimony from a preliminary hearing).

We conclude that the California trial court's admission of the witness' preliminary hearing testimony was neither contrary to nor an unreasonable application of clearly established federal law. *Van Tran v. Lindsey,* 212 F.3d 1143, 1149 (9th Cir.), *cert. denied,* 531 U.S. 944, 121 S.Ct. 340, 148 L.Ed.2d 274 (2000).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

