Benjamin MCALLISTER, Petitioner—
Appellant,

v.

Larry SMALL, Warden; Attorney General of the State of California, Respondents—Appellees.

No. 02–55191.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 2, 2003.

Decided July 22, 2003.

Before: THOMAS, PAEZ, Circuit Judges, and REED, District Judge.*

## MEMORANDUM **

### I.

Benjamin McAllister ("McAllister") appeals the district court's dismissal of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. A state court jury convicted McAllister of two counts of first degree burglary: one for the burglary of Mack Baker's ("Baker") house and one for the burglary of Doris Brown's ("Brown") house. Brown testified at a preliminary hearing that she identified McAllister shortly after the burglary of her home at a field identification in front of Baker's house; however, Brown did not testify at the trial. In his habeas petition, McAllister alleged that his Sixth Amendment right to confrontation was violated by the admission of Brown's preliminary hearing testimony. Because the parties are familiar with the facts, we do not recount them here.

---

* The Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

McAllister filed his petition for habeas corpus relief after April 24, 1996; therefore, the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (1996), guides our review of McAllister's constitutional claims. According to AEDPA, habeas relief may be granted if a state court's adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2); *see also Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

When reviewing whether a state court decision is contrary to federal law, "we look to the state's last reasoned decision— in this case [the California Court of Appeals decision]—as the basis for its judgment." *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir.2002), *cert. dismissed as moot*, —— U.S. ——, 123 S.Ct. 1571, 155 L.Ed.2d 308 (2003). We review de novo the denial of a writ of habeas corpus. *Killian v. Poole*, 282 F.3d 1204, 1207 (9th Cir.2002).

## II.

The Supreme Court has clearly established the Sixth Amendment right to confrontation: "There are few subjects, perhaps, upon which this Court and other courts have been more nearly unanimous than in their expressions of belief that the right of confrontation and cross-examination is an essential and fundamental requirement for the kind of fair trial which is this country's constitutional goal." *Pointer v. State of Texas*, 380 U.S. 400, 405, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). The Supreme Court has also clearly established

a test to determine when a prior statement is admissible at trial as an exception to the protections of the Confrontation Clause. *See Barber v. Page*, 390 U.S. 719, 722, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968). First, "the prosecution must either produce, or demonstrate the unavailability of, the declarant whose statement it wishes to use against the defendant." *Ohio v. Roberts*, 448 U.S. 56, 65, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). Once a witness is shown to be unavailable, her "statement is admissible only if it bears adequate indicia of reliability." *Id.* at 66 (internal quotation marks omitted).

■ The California Court of Appeal concluded that the government showed sufficient efforts to procure Brown's presence at trial and her ultimate unavailability. Although we are troubled by the apparent failure to warn Brown that she needed to remain available and the tardiness in attempting to serve the final subpoena, the state court's determination was not objectively unreasonable and therefore McAllister is not entitled to habeas relief on this claim. 28 U.S.C. § 2254(d).

## III.

■ Moreover, even if we assume that the government failed to demonstrate good faith efforts to secure Brown's presence at trial and therefore failed to demonstrate Brown's unavailability, Brown must still show actual prejudice. Trial error requires reversal only if it "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 623, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)). Because of the amount of other evidence against McAllister that was presented at trial with respect to both burglaries and because of the relatively limited impact of

Brown's preliminary hearing testimony, we cannot conclude that the state court's decision to permit the reading of the preliminary hearing testimony had a substantial and injurious effect or influence on the jury's verdict.

Given the substantial evidence demonstrating a similar mode of entry into both the Baker and Brown houses, the proximity in time and location of both burglaries, the arrest of McAllister after police pursued him running from the Baker house, the admission of the 911 call, the limited nature of Brown's testimony at the preliminary hearing, and the corroborating testimony of police officers that connected McAllister to both burglaries, any alleged violation of the Confrontation Clause was harmless. *See Delaware v. Van Arsdall,* 475 U.S. 673, 684, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986).

AFFIRMED.