Darrick Jacques DOBYNES, Petitioner—Appellant,

v.

Suzan HUBBARD, Warden; Attorney General of the State of California, Respondents—Appellees.

No. 02–17030.

D.C. No. CV–98–02464–GEB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 10, 2003.

Decided Nov. 14, 2003.

---

Jeff Price, Santa Monica, CA, for Petitioner–Appellant.

Raymond Brosterhous, II, Charles Victor Fennessey, Sacramento, CA, for Respondents–Appellees.

Before HAWKINS, THOMAS, and CLIFTON, Circuit Judges.

## MEMORANDUM *

California state prisoner Darrick Jacques Dobynes was convicted for murder by firearm in a gang-related context on the basis of the testimony of Andrew Armstead and Steven Kohn. The court admitted their testimony though Armstead disappeared before trial and Kohn left the trial before Dobynes's counsel cross-examined him. Dobynes's 28 U.S.C. § 2254 petition for writ of habeas corpus contends that the trial court violated his right to confrontation and his right to due process by admitting the prior testimony of Armstead and Kohn. The district court denied his petition for a writ of habeas corpus. We affirm.

As the parties are familiar with the facts, we recite them only as necessary. The provisions of the Anti–Terrorism and Effective Death Penalty Act ("AEDPA") apply because Dobynes's habeas petition was filed after the act's effective date of April 24, 1996. *Rios v. Rocha,* 299 F.3d 796, 799 n. 4 (9th Cir.2002). Under AEDPA, a habeas corpus petition cannot be granted unless the state court decision was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law" or (2) "based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's analysis under AEDPA, this court looks to the state's "last reasoned decision" as the basis for its judgment, here an opinion by the California Court of Appeal. *See Avila v. Galaza,* 297 F.3d 911, 918 (9th Cir.2002).

"[W]hen the government attempts to introduce an out-of-court statement of a declarant who is unavailable to testify, the court must determine whether the Confrontation Clause permits the government to deny the accused his usual right to cross-examine the declarant." *Lilly v. Virginia,* 527 U.S. 116, 124, 119 S.Ct. 1887, 144 L.Ed.2d 117 (1999) (plurality opinion). "[I]n order to introduce relevant statements at trial, state prosecutors either

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

produce the declarants of those statements as witnesses at trial or demonstrate their unavailability." *Bains v. Cambra*, 204 F.3d 964, 973 (9th Cir.2000) (citing *Ohio v. Roberts*, 448 U.S. 56, 65–66, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980)). If unavailability has been demonstrated, then the proffered statements must be shown to bear "adequate indicia of reliability." *Roberts*, 448 U.S. at 65–66.

The district court did not err in concluding that the California Court of Appeal's determinations that Armstead and Kohn were legally unavailable and that their testimony bore "adequate indicia of reliability" were not contrary to or an unreasonable application of clearly established federal law, nor were they based on an unreasonable determination of the facts in light of the evidence.

A witness is considered "unavailable" if "the prosecutorial authorities have made a good-faith effort to obtain his presence at trial." *Barber v. Page*, 390 U.S. 719, 725, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968). "The lengths to which the prosecution must go to produce a witness … is a question of reasonableness." *Roberts*, 448 U.S. at 74. The California Court of Appeal found, and the defense conceded, that the prosecution efforts in securing the trial attendance of Armstead, so far as they went, appeared "well-intentioned and rather far-reaching." These factual determinations, which can only be rebutted by clear and convincing evidence, establish that the California Court of Appeal was well within AEDPA's boundaries in determining that Armstead was legally "unavailable."

Dobynes's reliance upon the Tenth Circuit's "reasonableness" test in *Cook v. McKune*, 323 F.3d 825 (10th Cir.2003) is unavailing. Decisions of the Supreme Court are the *only* ones that can form the basis justifying habeas relief; "lower federal courts cannot themselves establish

such a principle with clarity sufficient to satisfy the AEDPA bar." *Williams v. Taylor*, 529 U.S. 362, 381, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Dobynes is also incorrect to argue that the California Court of Appeal's use of state law in determining that Armstead and Kohn were unavailable renders its decision contrary to federal law. The state court "need not cite or even be aware of the governing Supreme Court cases, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" *Powell v. Galaza*, 328 F.3d 558, 563 (9th Cir.2003) (quoting *Early v. Packer*, 537 U.S. 3, 9–10, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002)).

Where a witness like Kohn "simply refuse[s] to answer, nothing in the Confrontation Clause prohibit[s] the State from also relying on his prior testimony to prove its case." *California v. Green*, 399 U.S. 149, 168, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970); *see also Whelchel v. Washington*, 232 F.3d 1197, 1204 (9th Cir.2000) (finding witness legally unavailable where he refused to testify based on privilege against self-incrimination). Kohn told the trial court that, as a result of his ongoing prison term and fear for his personal safety, "holding him in contempt would not influence his decision." The California Court of Appeal's determination that Kohn was unavailable, based on the unrebutted factual finding that he would refuse to testify even if he were held in contempt, withstands scrutiny under AEDPA.

Dobynes's counsel cross-examined both Armstead and Kohn—Armstead at the "conditional examination," and Kohn at the preliminary hearing. An out-of-court statement by an unavailable witness is sufficiently reliable to be admitted at trial if the defense counsel has engaged in full cross-examination of the witness at the preliminary hearing where the statement was made. *Roberts*, 448 U.S. at 70–73. Though Dobynes claims that his cross ex-

amination of Kohn at the preliminary hearing was insufficient because he had different counsel at the time, the Constitution affords him "only an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Kentucky v. Stincer*, 482 U.S. 730, 739, 107 S.Ct. 2658, 96 L.Ed.2d 631 (1987) (internal citations and quotation marks omitted).

Finally, as the district court's Certificate of Appealability was limited to the issue of "whether the trial court violated petitioner's rights to confrontation and due process by admitting the prior testimony of witnesses," this court lacks the jurisdiction to determine whether Dobynes is entitled to an evidentiary hearing. *See* 28 U.S.C. § 2253(c); *Hiivala v. Wood*, 195 F.3d 1098, 1103 (9th Cir.1999) (per curiam).

AFFIRMED

---

\* The Honorable C. Arlen Beam, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.