Jaime G. CARRANZA, Petitioner—Appellant,

v.

A.W. SMITH, Warden; et al., Respondents—Appellees.

No. 03–55692.

D.C. No. CV–97–04869–JFW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 9, 2004.

Decided Jan. 20, 2005.

Alissa Sawano Peterson, Irvine, CA, for Petitioner–Appellant.

Suzann Ellen Papagoda, Office of the California Attorney General, Los Angeles, CA, for Respondents–Appellees.

Before B. FLETCHER, RYMER, and PAEZ, Circuit Judges.

## MEMORANDUM *

Jaime G. Carranza appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his convictions for second-degree murder in violation of California Penal Code section 187 and assault with intent to commit murder in violation of California Penal Code section 217. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253,[1] and we affirm.[2] We review *de novo* a district court's decision to deny a habeas petition. *Leavitt v. Arave*, 383 F.3d 809, 815 (9th Cir.2004).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We construe Carranza's supplemental brief on the uncertified Confrontation Clause issue, discussed below, as a motion to expand the Certificate of Appealability. Ninth Circuit Rule 22–1(e). As "reasonable jurists could debate whether ... the petition should have been resolved in a different manner ...," *Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (citation omitted), we grant the motion and consider the merits of Carranza's argument.

2. Because the parties are familiar with the facts, we reference them here only as they are necessary to explain our decision.

Our review, however, is limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs Carranza's petition.

# I

Carranza first argues that he was denied his Sixth Amendment right to effective assistance of counsel because his trial counsel failed to request jury instructions on justifiable homicide based on self-defense and on the lesser included offense of involuntary manslaughter. A successful ineffective assistance claim requires the defendant to demonstrate that his counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In other words, there must be "a reasonable probability that ... the result of the proceeding would have been different." *Id.* at 694. Even assuming that trial counsel's performance was deficient, Carranza cannot show that he suffered any prejudice.

■ First, the evidence presented to the jury provides no support for—and in fact strongly contradicts—the theory that Carranza may have acted in self-defense. *See* California Jury Instruction—Criminal ("CALJIC") 5.12. His defense focused on the gaps in the prosecution's identification evidence and aimed to establish that he was not the killer. Carranza himself denied that he acted in self defense; his statement to the police that "nobody attacked me" and "nobody tried to hurt me" was introduced at trial. Moreover, the jury considered and rejected the theory of imperfect self-defense, *see* CALJIC 5.17, demonstrating that there is no reasonable

probability that the jury would have accepted Carranza's self-defense claim.

■ Similarly, no prejudice resulted from Carranza's counsel's failure to request jury instructions on involuntary manslaughter. *See* CALJIC 8.45. The evidence provides no support for the theory that Carranza "fell into" Boye while holding a knife, thereby accidentally killing him. The witnesses who restrained Carranza during the altercation did not recount a struggle to break free—in fact, the testimony suggests they may have released him. And seven or eight seconds elapsed after Carranza was freed from their hold before Boye was stabbed. It is not reasonably probable, based on this evidence, that the jury would accept that an accidentally-inflicted wound would have punctured straight to Boye's heart and killed him.[3] Based on our independent review of the record, the state courts' rejection of Carranza's ineffective assistance of trial counsel claim was neither contrary to nor an unreasonable application of the *Strickland* standard. *See Delgado v. Lewis*, 223 F.3d 976, 981–82 (9th Cir.2000).

# II

Carranza next contends that he was denied his Sixth Amendment right to effective assistance of appellate counsel based on counsel's failure to raise the ineffective assistance claims on appeal. When a defendant challenges the performance of his appellate counsel "insofar as counsel did not attack the adequacy of trial counsel's performance," as Carranza does here, the inquiry focuses on whether trial counsel's performance fell below the *Strickland* standard. *Featherstone v. Estelle*, 948 F.2d 1497, 1507 (9th Cir.1991). Carranza

---

**3.** The evidence provides even less support for Carranza's claim that the jury might have accepted that he was unconscious at the time of the stabbing due to involuntary intoxi-

cation. *See* CALJIC 8.47. The *only* relevant evidence before the jury was that Carranza was served one beer during the approximate one hour he was at Joleen's Place.

cannot be prejudiced by his appellate counsel's failure to raise issues that had no merit. *Id.* The California Court of Appeal's determination on habeas review that Carranza "has failed to meet his burden of showing that but for counsel's alleged errors, the outcome of his 1983 appeal would have been different" was not contrary to or an unreasonable application of the *Strickland* standard, nor was it an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## III

■ Finally, Carranza contends that he was denied his Sixth Amendment right to confront a witness, Scott Carter, who did not testify at trial but whose preliminary hearing testimony was introduced at trial over Carranza's objection. Hearsay evidence is constitutionally admissible when the witness is unavailable and the defendant has been given the opportunity for meaningful cross examination. *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 1374, 158 L.Ed.2d 177 (2004).[4] Carranza had the opportunity to cross examine Carter at the preliminary hearing and did in fact cross examine him fully.[5] *See Roberts,* 448 U.S. at 73 n. 12; *California v. Green,* 399 U.S. 149, 165, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970). Carranza maintains, however, that Carter was not "unavailable"

within the meaning of the Confrontation Clause. A witness is not unavailable "unless the prosecutorial authorities have made a good-faith effort to obtain his presence at trial." *Barber v. Page,* 390 U.S. 719, 725, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968).

After Carter, a long-distance truck driver, was subpoenaed, he assured the prosecution he would attend the trial. When he did not telephone the prosecution's investigator to check in as scheduled, the investigator visited his home on several occasions, made frequent inquiries with his family, contacted his employer many times, and finally issued a warrant for Carter's arrest. *Cf. Windham v. Merkle,* 163 F.3d 1092, 1102 (9th Cir.1998) (holding that very similar efforts by the prosecution were sufficient to satisfy the good faith requirement). Carranza claims that "good faith" required the prosecution to serve Carter with a warrant under the Uniform Act to Secure the Attendance of Witnesses from without the State in Criminal Cases, Cal.Penal Code § 1334.3 ("Uniform Act"). But this court has held that obligation arises only when the witness' location is known, *Dres v. Campoy,* 784 F.2d 996, 999 (9th Cir.1986); Carter's location was unknown and constantly changing.[6] "If the witness cannot be located, application of the Uniform Act is impossible." *Id.* The trial judge's conclusion that Carter was

---

**4.** The parties dispute whether Carranza's Sixth Amendment claim is governed by the new rule established in *Crawford* or the old rule of *Ohio v. Roberts,* 448 U.S. 56, 66, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980) (requiring that hearsay be marked with adequate "indicia of reliability" but not necessarily the opportunity for cross examination). We need not resolve this question, however, because Carter's preliminary hearing testimony was admissible under either standard.

**5.** Although Carranza raises general objections to the sufficiency of cross-examination of a witness at a preliminary hearing, he does not

identify any specific areas of inquiry that he would have pursued at trial, nor does he point to any attempted lines of questioning that were foreclosed at the preliminary hearing.

**6.** The investigator's only information confirmed that Carter was en route to New York on June 30, 1981; in Dixon, Tennessee on July 4; and in Temple, Texas on July 6. He learned of Carter's whereabouts only as he arrived or after he had already left; no advance itinerary was provided by Carter or Carter's employer.

unavailable to testify, and that "the prosecution ... made a good faith effort and ... exercised reasonable diligence to procure his attendance[,]" was not contrary to, or an unreasonable application of, clearly established federal law.

The judgment of the district court is therefore AFFIRMED.