**Justin Lamarr NICHOLS, Petitioner–Appellant,**

v.

**Derral G. ADAMS, Warden, Respondent–Appellee.**

No. 05–56704.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed Feb. 28, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Justin Lamarr Nichols, Corcoran, CA, pro se.

David Elgin Madeo, AGCA–Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

### MEMORANDUM **

California state prisoner Justin Lamarr Nichols appeals *pro se* from the district court's judgment denying his petition under 28 U.S.C. § 2254. Nichols was con-victed of first-degree murder and sentenced to 50 years to life in prison. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We review *de novo, Beardslee v. Woodford,* 358 F.3d 560, 568 (9th Cir. 2004), and we affirm.

Nichols contends that the prosecution did not make a good-faith effort to secure the presence at trial of the only eyewitness who could identify him as the killer. As a result, he says, his Sixth Amendment right to confront this witness at trial was violated when the trial court declared her unavailable and admitted her preliminary hearing testimony. In view of the record, however, we agree with the district court that the "conclusion of the California Court of Appeal and the trial court that the prosecution took reasonable steps and made a good faith effort to obtain the presence of [the witness] was not objectively unreasonable." *See Barber v. Page,* 390 U.S. 719, 724–25, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968). We therefore conclude that the California Court of Appeal did not unreasonably apply federal law, or base its ruling on an unreasonable determination of the facts, when it found no violation of Nichols's Sixth Amendment right to confront this witness at trial stemming from the trial court's decision to admit the witness's preliminary hearing testimony. *See* 28 U.S.C. § 2254(d); *Crawford v. Washington,* 541 U.S. 36, 68, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) (allowing preliminary hearing testimony to be admitted where the witness is unavailable and the defendant has had a prior opportunity for cross-examination).

**AFFIRMED.**

---

** This disposition is not appropriate for publi-cation and is not precedent except as provid-ed by 9th Cir. R. 36–3.