IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
April 24, 2007 Session

## STATE OF TENNESSEE v. THOMAS HARVILLE, JR.

**Appeal from the Criminal Court for Sullivan County**
**No. S49, 750    Phyllis H. Miller, Judge**

_____

**No. E2005-02108-CCA-R3-CD - Filed February 15, 2008**

_____

JERRY L. SMITH, Concurring in Part; Dissenting in Part.

In this case, the majority holds that the defendant failed to contest the question of Officer Cousins's unavailability and, thus, under Tennessee Rule of Appellate Procedure 36(a), is not entitled to relief on this issue. I respectfully disagree.

The defendant's counsel objected to the introduction of Officer Cousins's preliminary hearing testimony on the grounds that in the absence of a face-to-face confrontation with the officer the jury would not be able to view Officer Cousins's demeanor on the witness stand. This is essentially the same as questioning whether there is a true necessity in going forward with a trial using a former testimonial statement of a declarant rather than having the declarant present as a witness. For me, this is sufficient to put the State to some burden demonstrating that the declarant/witness is truly unavailable.

Here, the record reflects only a statement of the prosecutor that he had spoken with Officer Cousins's commanding officer and was told Officer Cousins was on military deployment in Iraq. The prosecutor stated he had a copy of an e-mail from the commanding officer. In fact, the trial court found Officer Cousins was unavailable even before the prosecutor mused out loud if he should make the e-mail an exhibit. The e-mail never was made an exhibit. The trial court appeared more concerned about moving the case on the court's docket due to the approximate eighteen month period from the defendant's date of arrest to the trial date.

The right to confront witnesses is guaranteed by both the federal and state constitutions. U.S. Const. amend. VI; Tenn. Const. art I, § 9; *State v. Deuter*, 839 SW.2d 391, 392-94 (Tenn. 1992). The Tennessee Constitution guarantees that the right to confront witnesses under it is entitled to greater protection because it is a right to confront the witnesses "face-to-face" *Id*. at 395. Indeed, the Tennessee Supreme Court has indicated that the right to confront witnesses is a fundamental right waivable only personally by the accused. *See Momon v. State*, 18 S.W.3d 152, 166-67 (Tenn. 1999) (holding right to confront witnesses is analogous to defendant's fundamental right to testify.)

I realize, of course, that the constitutional right to confront witnesses face-to-face is not absolute, and may give way to the need to use former testimony of the witness at a prior proceeding at which the defendant had an opportunity to cross-examine the witness, if the prosecution demonstrates that, despite its good faith efforts, the witness cannot be produced at trial. *State v. Maclin*, 183 S.W.3d 335, 351 (Tenn. 2006). However, given the esteemed position this right to face-to-face confrontation holds in our constitutional hierarchy, I would at least require that before going forward with a criminal trial using former testimony of the State's principal witness, the prosecution detail and document on the record efforts to produce the attendance of the witness at trial and the reason those efforts were unsuccessful.

It is likely that a witness who is on military deployment to Iraq is at least temporarily unavailable to appear in a Tennessee courtroom. However, in this case we have only the prosecutor's statement that this is so. While I do not doubt the prosecutors word, we have traditionally required proof concerning the unsuccessful efforts of the State to produce witnesses at trial before allowing the use of former testimony. *See, e.g., State v.Armes*, 607 S.W.2d 234, 237 (Tenn. 1980); *State v. Summers*, 159 S.W.3d 586, 597-98 (Tenn. Crim. App. 2004). Thus, I would require in the instant case at lease some reliable documentation as to Officer Cousins's whereabouts and unavailability for trial. Moreover, because Officer Cousins's unavailability is hopefully only temporary, I would require some discussion by the trial court with the defense and the prosecution as to whether a continuance of the trial without prejudice to either side was possible.

In short the right to confront witnesses face-to-face in a criminal trial, as opposed to a trial through the use of former preliminary hearing testimony, even if subject to cross-examination, is too important to be abrogated in the rather cavalier manner exhibited in this case.[1]

For the foregoing reasons I dissent from the opinion of the Court that Officer Cousins's unavailability as a witness was adequately established on this record. In all other respects I concur in the judgment of the Court.

 

 

 

 

JERRY L. SMITH, JUDGE

---

[1]As Justice Marshall stated in *Barber v. Page*, 390 U.S. 719, 725, (1968): "[a] preliminary hearing is ordinarily a much less searching exploration into the merits of a case than a trial, simply because its function is the more limited one of determining whether probable cause exists to hold the accused for trial."