**Miguel MAGDALENO, Petitioner–Appellant,**

v.

**George GIURBINO, Warden, Respondent–Appellee.**

No. 07–55420.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 15, 2008.

Filed July 29, 2008.

Miguel Magdaleno, Calipatria, CA, pro se.

David Elgin Madeo, AGCA—Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: FERNANDEZ, RYMER, and KLEINFELD, Circuit Judges.

MEMORANDUM *

Miguel Magdaleno appeals denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  We affirm.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## I

■ While Olmos's testimony at the preliminary hearing was testimonial, Magdaleno had an adequate opportunity to cross-examine her. *See Crawford v. Washington,* 541 U.S. 36, 57, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). He was represented by counsel; counsel cross-examined Olmos on the record and before a judge; and Olmos testified under oath. *See California v. Green,* 399 U.S. 149, 165, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970). Magdaleno's counsel was not denied the chance to show that Olmos was biased or that she had a motive to testify as she did. *See Delaware v. Van Arsdall,* 475 U.S. 673, 680, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986); *United States v. Larson,* 460 F.3d 1200, 1206 (9th Cir.2006). Nor has he explained why the state of discovery impeded the effectiveness of cross-examination. *See United States v. Koon,* 34 F.3d 1416, 1427–28 (9th Cir.1994), *rev'd on other grounds,* 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996).

## II

■ It was not contrary to clearly established Supreme Court precedent, or an unreasonable application of it, for the California Court of Appeal to conclude that the prosecution made a good faith effort to have Olmos testify at Magdaleno's trial. *See Barber v. Page,* 390 U.S. 719, 724–25, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968); *Green,* 399 U.S. at 165, 90 S.Ct. 1930. Investigator Barrera took substantial steps to locate Olmos, and Magdaleno points to no Supreme Court authority indicating that the state's efforts were unreasonable in the circumstances.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

## III

■ Even if some or all of Olmos's statements to her sister and the police were testimonial (on which we express no opinion), admitting these statements would be harmless given the evidence properly admitted against Magdaleno. *See Van Arsdall,* 475 U.S. at 684, 106 S.Ct. 1431. Magdaleno cannot have been prejudiced because this was not, as he maintains, the only evidence from which specific intent to commit his crimes could be found. His admissions to Officer Cooper that he questioned Olmos about money, hit her, burned her, poured paint thinner over her, and threatened her, in light of the nature and extent of Olmos's injuries, sufficed.

AFFIRMED.