**Ty THOMAS, Petitioner—Appellant,**

v.

**Michael BUDGE, Respondent—Appellee.**

No. 07–16507.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 12, 2008.*

Filed Aug. 14, 2008.

Debra A. Bookout, Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

David K. Neidert, Esq., Office of the Nevada Attorney General, Reno, NV, for Respondent–Appellee.

Before: SILER **, McKEOWN and CALLAHAN, Circuit Judges.

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM ***

Ty Thomas, a Nevada prisoner, appeals the denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254. The district court granted a Certificate of Appealability with respect to one issue. We decline to expand the Certificate of Appealability to the other issues Thomas raises. We review de novo the district court's denial of a writ of habeas corpus. *Shackleford v. Hubbard,* 234 F.3d 1072, 1077 (9th Cir.2000). Under AEDPA, we will only grant a petition for writ of habeas corpus if the state court's ruling was contrary to, or an unreasonable determination of, clearly established Supreme Court precedent. 28 U.S.C. § 2254(d). We affirm the denial of the petition.

■ Thomas argues that he was denied his Sixth Amendment right to confront the witnesses against him when the trial court admitted the transcript of a witness's testimony at the preliminary hearing. Thomas contends that the admission of the transcript was improper because the witness was not unavailable. To show that a witness is unavailable, the government must first make a good faith effort to secure the witness's attendance at trial. *Barber v. Page,* 390 U.S. 719, 724–25, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968). However, "[t]he law does not require the doing of a futile act." *Ohio v. Roberts,* 448 U.S. 56, 74, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). " 'The lengths to which the prosecution must go to produce a witness . . . is a question of reasonableness.' " *Id.* (quoting *California v. Green,* 399 U.S. 149, 189 n. 22, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970) (Harlan, J. concurring)).

The Nevada Supreme Court determined that the prosecution made a good faith effort to obtain the witness. Under the circumstances of this case, the determination that the witness was unavailable— an elderly, dying man, living with his son in Texas, who had previously expressed that he would not comply with a subpoena, that he would go to jail before he would testify and refused to return to Nevada— was neither contrary to nor an unreasonable application of Supreme Court precedent.

■ The state court's conclusion that Thomas had an adequate opportunity to cross-examine the witness at the preliminary hearing also was not contrary to or an unreasonable application of Supreme Court precedent. *See Roberts,* 448 U.S. at 73, 100 S.Ct. 2531 (requiring there to have been an adequate opportunity for cross-examination before a transcript will be admitted in lieu of live testimony). At the preliminary hearing, Thomas's counsel asked several questions regarding identification. Counsel claims that he was missing certain records that he wanted to use in his cross-examination, but "no inquiry into [the] 'effectiveness' " of a cross-examination is required. *Id.* at 73 n. 12, 100 S.Ct. 2531. There was an opportunity for cross-examination at the preliminary hearing and Thomas's counsel took advantage of it. According to the Nevada Supreme Court, "counsel was able to cross-examine the witness extensively."

**AFFIRMED.**

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.