NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ASHENAFI G. ABERHA, | No. 23-15267 |
| Petitioner-Appellant, | D.C. No. |
| v. | 3:20-cv-00524-LRH-CSD |
| BRIAN WILLIAMS, et al., | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted April 2, 2025[**]
San Francisco, California

Before: HURWITZ, KOH, and JOHNSTONE, Circuit Judges.

Ashenafi Aberha appeals the district court's denial of his petition for a writ of

habeas corpus under 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C.

§ 2253. "We review the denial of a Section 2254 habeas corpus petition de novo and

any underlying factual findings for clear error." *Patsalis v. Shinn*, 47 F.4th 1092,

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1097 (9th Cir. 2022) (citing *Martinez v. Cate*, 903 F.3d 982, 991 (9th Cir. 2018)). We affirm.

Aberha challenges the admission of the prior testimony of Sophie and Faye Bolderson as a violation of the Confrontation Clause, arguing that the Boldersons were not "unavailable" for trial. *Crawford v. Washington*, 541 U.S. 36, 53–54 (2004). But the Nevada Supreme Court's decision affirming admission of the testimony was neither "contrary to, [n]or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," nor was it "based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254(d). We therefore cannot grant the requested relief. *See id.*; *Martinez*, 903 F.3d at 991.

Aberha first argues that the Boldersons were not "unavailable" because they could have chosen to attend and to testify at trial. No decision of the U.S. Supreme Court suggests that witnesses who reside in a foreign country, are not amenable to subpoena, and refuse to attend trial are "available" merely because they could feasibly have attended. Instead, the key inquiry is whether the State made reasonable and good-faith efforts to obtain the witnesses' presence at trial. *See Barber v. Page*, 390 U.S. 719, 724–25 (1968).

Aberha next argues that the Boldersons were not "unavailable" for trial because the State's efforts to secure their attendance were insufficient under *Barber*,

2

which held that prosecutors' efforts were unreasonable where "the State made absolutely no efforts to obtain the presence of [a witness] at trial other than to ascertain that he was in federal prison . . . ." *Id.* at 723. That does not suggest that the State's efforts here—notifying the Boldersons of the trial date months in advance, emailing a reminder of that date, issuing a subpoena as soon as it became clear that they would not attend the trial voluntarily, and offering to stipulate to a continuance of the trial to a date on which the State believed the Boldersons could attend—were unreasonable. And though Aberha argues that the State could have made greater efforts, "the deferential standard of review set out in 28 U.S.C. § 2254(d) does not permit a federal court to overturn a state court's decision on the question of unavailability merely because the federal court identifies additional steps that might have been taken." *Hardy v. Cross*, 565 U.S. 65, 72 (2011) (per curiam); *see also Ohio v. Roberts*, 448 U.S. 56, 75 (1980).

Finally, Aberha argues that the Nevada Supreme Court erroneously treated *Mancusi v. Stubbs*, 408 U.S. 204 (1972), as creating a brightline rule that witnesses residing outside the United States are *per se* "unavailable." That mischaracterizes the Nevada Supreme Court's decision, which correctly noted that the State was required to exercise "reasonable diligence" to obtain the Boldersons' presence at trial. The Nevada Supreme Court cited *Mancusi* to explain that the State's efforts to secure the Boldersons' attendance were reasonable "[u]nder the totality of the

3

circumstances," not to excuse the State from making such good-faith efforts. The Nevada Supreme Court's conclusion that the Boldersons were unavailable, given the State's unsuccessful efforts to convince them to attend trial and its inability to compel them to return to Nevada from England, was not unreasonable. *See Christian v. Rhode*, 41 F.3d 461, 467–68 (9th Cir. 1994).

**AFFIRMED.**